ANNA MARY BOWDEN JOHNS, *et al., Appellants,* v. RICH-ARD FLEMING BOWDEN, *et al., Appellees.*

Opinion Filed Dec. 20, 1916.

1. 'An appellate court should not reverse a judgment, however erroneously an isolated point may have been ruled by the Judge below, when it is clearly apparent that the party complaining was in no way injured by such improper ruling.

2. Where the sole issue to be determined in a case is whether or not the land described in the bill of complaint was the homestead of B. at the time of his death, such issue must be determined by a careful examination of all the evidence adduced, in the light of the principles of law laid down in the opinion rendered upon a former appeal which have become the law of the case.

3.  All points adjudicated by an appellate court upon a writ of error
    or an appeal become the law of the case, and are no longer
    open for discussion or consideration, but this principle has no
    applicability to and is not decisive of points presented upon a
    second writ of error that were not presented upon the former
    writ of error, and consequently were not before the appellate
    court for adjudication.

4.  A sworn answer denying the allegations in the bill which are
    essential to sustain the case of complainant and entitle her to
    relief is evidence in favor of defendant and conclusive, unless
    overcome by the testimony of two witnesses, or of one witness
    corroborated by other circumstances which are of greater
    probative weight than the answer, provided that the oath to
    the answer has not been waived and the answer is directly and
    positively responsive to the material allegations of the bill

5.  When the answer concludes with the usual general denial found
    in such a pleading, it is sufficient to make an issue on material
    allegations in the bill not admitted in the answer and to which
    no especial response is made.  Such statements can not be
    taken as admitted to be true, but must be proved by at least a
    preponderance of the testimony.

6.  While the findings and conclusions of a chancellor, where the
    testimony is not taken before him, but before a master or ex-
    aminer, by reason whereof he is not afforded an opportunity of
    seeing and hearing the witnesses, are not entitled to the same
    weight as the verdict of a jury, yet even in that case they
    should not be disturbed by an appellate court, unless they are
    clearly shown to be erroneous.

7.  In equity, as well as at law, every presumption is in favor of the
    correctness of the rulings of the trial judge, and a final decree
    rendered by him, based largely or solely upon questions of
    fact, will not be reversed, unless the evidence clearly shows that
    it was erroneous.

8.  Where upon a former appeal in a case the appellate court has
    enunciated the principles of law regulating homesteads and the

head of a family and subsequent to the going down of the mandate the Circuit Judge found that the evidence adduced failed to establish a homestead in accordance with the principles so announced, and rendered a final decree accordingly, the appellate court will not reverse such decree, unless the evidence clearly shows that it is erroneous.

Appeal from Circuit Court, Duval County; Geo. Couper Gibbs, Judge.

Decree affirmed.

*D. C. Campbell,* for Appellants;

*J. L. Doggett, E. J. L'Engle* and *P. L. Gaskins,* for *Appellees.*

SHACKLEFORD, J.—This is the second appeal which has been prosecuted by the appellants in this case. For the opinion rendered on the former appeal see Johns v. Bowden, 68 Fla. 32, 66 South. Rep. 155, to which we refer for a statement of the pleadings. As appears therein, the bill of complaint was filed by certain children and grand-children as the heirs at law of Uriah Bowden, deceased, against Richard Fleming Bowden, a son of Uriah Bowden, and James Uriah Bowden, an infant and the son of Richard Fleming Bowden, for whom Richard Fleming Bowden was appointed guardian *ad litem,* and V. W. Shields, trustee, for partition of the parcel of land therein described and for the setting aside of a deed of trust thereto executed by Uriah Bowden to V. W. Shields, trusteee and a conveyance executed by such trustee to Richard Fleming Bowden, it being alleged in the bill that the land described therein was the homestead of Uriah Bowden, at the time of his death. V. W.

Shields, trustee, interposed a demurrer to the bill, which we held was properly sustained. The guardian *ad litem* of the infant defendant filed the customary answer in such cases in which he submitted the rights and interests of such infant to the protection of the court. Richard Fleming Bowden filed an answer in which he denied material allegations of the bill and also incorporated a demurrer. Replications were filed to each of the answers and a special examiner was appointed to take the testimony of the parties litigant, before whom many witnesses were examined and their testimony forms quite a volume. At the final hearing, a final decree was rendered, which we copied in our former opinion, wherein it was held that the demurrer incorporated in the answer of Richard Fleming Bowden was well taken and that the bill of complaint was without equity, wherefore the bill was dismissed. In our opinion rendered upon the former appeal, we held that the demurrer to the bill so incorporated in the answer was not well taken for the reasons therein stated and reversed the decree and remanded the cause "for appropriate proceedings on the merits of the pleadings and evidence," stating that "apparently the Chancellor has not passed upon the evidence in the cause."

Upon the going down of the mandate, the Circuit Court set aside the former decree, overruled the demurrer and proceeded to a final hearing of the cause upon the pleadings and the evidence taken and submitted prior to the former appeal, no further evidence being offered. The Circuit Court first passed upon certain objections to and motions to strike designated portions of the evidence interposed by each of the parties litigant and then proceeded to render the following final decree:

"And this cause coming on at the same time for final hearing, after due notice, on the pleadings and evidence

herein, and having been argued by counsel and submitted for the consideration of the court and the court finding that the equities are with the defendants, and that the complainants have not established the facts alleged in said bill of complaint;

"Thereupon, upon consideration thereof, *It is Ordered, Adjudged and Decreed That Said Bill of Complaint* be and the same is hereby dismissed at the complainants' costs, to be taxed by the Clerk, for which let execution issue.

"*Done and Ordered* this 24th day of May, A. D. 1915."

From this decree the complainants have entered their appeal and have assigned seven errors, the first three of which are based upon the overruling of certain objections interposed by the complainants to portions of the evidence offered by the defendants, in overruling the exceptions to the answer of Richard Fleming Bowden and in sustaining a motion of the defendants to strike certain testimony of the complainants, and the remaining assignments challenge the correctness of the decree.

We shall not stop to discuss and pass upon the contention of the appellees that the first three assignments are not so prepared and argued as to merit consideration by this court. It is sufficient to say that all of the proceedings upon which these assignments are based are incorporated in the transcript of the record, which we have carefully read, and even if technical error was committed in any of the rulings of which complaint is made, as to which we express no opinion, it would not affect the merits of the cause or alter the conclusion which we have reached. See the discussion in Pensacola Electric Co. v. Bissett, 59 Fla. 360, 52 South. Rep. 367, wherein we held: "An appellate court should not reverse

a judgment, however erroneously an isolated point may have been ruled by the judge below, when it is clearly apparent that the party complaining was in no way injured by such improper ruling." Also see Southern Home Insurance Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922, and Pierce v. Dekle, 61 Fla. 390, 54 South. Rep. 389, 25 Ann. Cas. 1355. We must hold that the first three assignments have not been sustained.

This brings us to the consideration of the remaining assignments, which are argued together and which attack the correctness of the decree. We fully concur in the statement made by the counsel for the appellants in his brief: "This court's opinion, in a former appeal and reversal, reduced this cause to *one* issue, *viz.,* whether or not the property described in the bill was the *homestead* of Uriah Bowden, deceased." This issue must be determined by a careful examination of all the evidence, in the light of the principles of law laid down in our former opinion, which have become the law of the case. See Florida East Coast Ry. Co. v. Geiger, 66 Fla. 582, 64 South. Rep. 238, where prior decisions of this court will be found cited. The bill of complaint did not waive the oath to the answer and the answer of Richard Fleming Bowden was verified by his affidavit. As we have repeatedly held, "A sworn answer denying the allegations in the bill which are essential to sustain the case of complainant and entitle her to relief is evidence in favor of defendant and conclusive, unless overcome by the testimony of two witnesses, or of one witness corroborated by other circumstances which are of greater probative weight than the answer, provided that the oath to the answer has not been waived and the answer is directly and positively responsive to the material allegations of the bill." Pinney v. Pinney, 46 Fla. 559, 35

South. Rep. 95. This answer expressly denies the material allegation of the bill that the land described in the bill was the homestead of Uriah Bowden, at the time of his death, and also denies other material allegations of the bill, and such answer also contains the usual general denial found in such a pleading, as to which we have held: "Where the answer concludes with the usual general denial found in such pleading, it is sufficient to make an issue on material allegations in the bill not admitted in the answer and to which no especial response is made. Such statements can not be taken as admitted to be true, but must be proved by at least a preponderance of the testimony." Mitchell v. Mason, 65 Fla. 208, 61 South. Rep. 579. It should also be borne in mind, as we have repeatedly held:

"While the findings and conclusions of a chancellor, where the testimony is not taken before him, but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous.

"In equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge, and a final decree rendered by him, based largely or solely upon questions of fact, will not be reversed, unless the evidence clearly shows that it was erroneous." Bank of Jasper v. Tuten, 62 Fla. 423, 57 South. Rep. 238.

We have carefully read all the evidence adduced, in the light of the principles announced in these cited cases and are of the opinion that the complainants have failed to sustain the burden cast by the law upon them. While conflicts upon certain material points exist in the evidence,

taken as an entirety, we are of the opinion that the evidence falls short of sustaining the material allegations that the land described in the bill was the homestead of Uriah Bowden, at the time of his death, or that Uriah Bowden was, at such time, the head of a family residing in this State.  It would be a work of supererogation to repeat the principles of law regulating homesteads and the head of a family enunciated in our former opinion, and it would accomplish no useful purpose to set forth or discuss the evidence adduced.  It is sufficient to say that no reversible error has been made to appear to us and that the final decree must be affirmed.

TAYLOR, C. J., and COCKRELL, WHITFIELD and ELLIS, JJ., concur.