MRS. C. J. RAMBO AND J. R. SEALEY, CO-PARTNERS UNDER FIRM NAME AND STYLE OF RAMBO LUMBER COMPANY, *Appellants,* v. E. T. C. DICKENSON, *Appellee.*

Division A.

Opinion Filed October 20, 1926.

Petition for Rehearing Denied November 24, 1926.

1. Under our recording statutes, subsequent purchasers acquiring title without notice of a prior unrecorded deed, mortgage or transfer of real property or any interest therein, will pe protected against such unrecorded instrument, unless the party claiming thereunder can show that such subsequent purchaser acquired the title with actual notice of such unrecorded conveyance or mortgage, and the burden of showing such notice is upon the party claiming under such unrecorded instrument, the presumption in such case being that such subsequent purchaser acquired his title in good faith and without notice of the prior unrecorded conveyance.

2. Evidence examined, and chancellor's conclusion, that such evidence was not sufficient to charge the complainant with knowledge or notice of the rights of the defendant under an unrecorded deed purporting to convey the swamp timber on certain lands, is found to be sustained by the evidence.

An Appeal from the Circuit Court for Jackson County; Amos Lewis, Judge.

Affirmed.

*Carter & Solomon* and *Y. L. Watson,* for Appellants;

*James H. Finch,* for Appellee.

BROWN, C. J.—The appellee, E. T. C. Dickenson, complainant in the court below, filed his bill against the appel-

lants, Mrs. C. J. Rambo and J. R. Sealey, composing the Rambo Lumber Company, and W. B. Hathaway, their agent and manager, to enjoin them from cutting and taking the timber from certain described lands in Jackson County, Florida. The bill alleged that the complainant was the owner in fee simple of said lands, and had purchased the same, together with other lands, for value from Jno. O. Smith and P. S. Cummings, who had executed to him a warranty deed dated September 29, 1919, and recorded January 7th, 1920, and that complainant had entered into possession under said deed soon after its execution. That complainant is now advised that in September, 1918, said Jno. O. Smith and P. S. Cummings, from whom complainant acquired title, executed and delivered to one J. W. Reynolds, Trustee, a timber lease or deed purporting to convey all the swamp timber on said lands in Jackson County, Florida, which deed was filed for record March 2, 1920, nearly two months after the deed to complainant was recorded. That at the time of the purchase of the lands and receipt of the deed from Smith and Cummings, and the recording thereof, complainant did not have any knowledge or notice of the existence of the timber deed, and that complainant is therefore the owner of all the timber on said lands. That complainant is advised that in November, 1922, J. W. Reynolds, Trustee, had executed to said Mrs. Rambo and Sealey, co-partners as Rambo Lumber Company, a deed or lease purporting to convey to them said timber, and that they were preparing to enter upon said lands and cut and remove the timber. That at the time of said conveyance to defendants of the purported timber rights, complainant was in open, exclusive and adverse possession of said lands, claiming the same and the timber thereon adversely against the world.

In their answer the defendants admit that the timber

deed to J. W. Reynolds, Trustee, had not been recorded at the time the complainant acquired title from Smith and Cummings, but allege that at that time complainant had full knowledge and notice of the conveyance of the timber by Smith and Cummings to said J. W. Reynolds, Trustee.

A considerable amount of testimony was taken on this, the controlling question, in the case. It would serve no good purpose for us to review such testimony here. We have carefully read and considered the same, together with the able arguments and briefs of counsel, and, having done so, we cannot say that the chancellor erred in his conclusion that the defendants had failed to prove such notice or knowledge on the part of complainant prior to the final delivery of the deed by Smith and Cummings to him and his acceptance thereof on January 1, 1920, as to the outstanding timber rights on these particular lands covered by the unrecorded deed. That he had notice of the outstanding timber rights on that part of the lands conveyed referred to as the "Christmas Place," lying over the line in Alabama, there can be no dispute; notice of this was given by complainant's deed itself; but as to the lands here in dispute, with the burden of proof on that issue resting upon defendants, we are of the opinion that the chancellor was justified in holding that such notice or knowledge as the law requires, regarding the rights of J. W. Reynolds, Trustee, defendant's grantor, in and to the timber on that part of the lands in Jackson County, Florida, here involved, was not shown to have been brought home to complainant.

The law is well settled that under our recording statutes subsequent purchasers acquiring title without notice of a prior unrecorded deed, mortgage or transfer of real property or any interest therein, will be protected against such unrecorded instrument, unless the party claiming thereunder can show that such subsequent purchaser acquired

title with actual notice of such unrecorded conveyance or mortgage; and the burden of showing such notice is upon the party claiming under such unrecorded instrument. All the presumptions in such case are in favor of the *bona fides* of such subsequent purchaser, and that he acquired his subsequent title in good faith and without notice of the prior unrecorded conveyance. Sec. 3822, Rev. Gen. Stats. 1920; Feinberg v. Stearns, 56 Fla. 279, 47 South. Rep. 979; Sirkin v. Schuller, Fla., 105 South. Rep. 151.

We find no reversible error in the record, and the final decree appealed from, granting injunction as prayed, is affirmed.

ELLIS AND STRUM, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.

### ON MOTION FOR RE-HEARING.

PER CURIAM.—The points stressed in the petition for rehearing were all carefully considered by this Court before handing down its opinion and judgment on this appeal, and upon further consideration we find no ground for changing our conclusions as heretofore expressed. It is claimed that notice was given to Dickenson and his attorney in the conversations had between the Smiths and Cummings and the complainant in the attorney's office on January 1st, 1920. The references in such conference to the timber in question were not definite or specific. They referred to "the timber on the Christmas place," part of which place was in Alabama and the larger part in Jackson County, Florida. These discussions were brought about by Dickenson's discovery of a reservation in the deed of the timber on the Alabama portion of the Christmas place, and as the discus-

sions related to ''that timber,'' and other such general references, such statement might readily have been referred, as they evidently were by the complainant, to the Alabama timber, as to which he had made complaint and demanded some adjustment. After a careful consideration of the testimony, this Court cannot say that the court below was clearly erroneous in its conclusion that these discussions were not sufficient to show notice to the complainant, or to the attorney who was acting as attorney for both parties, of the previous transfer by the grantors of the timber on the Florida lands covered by the unrecorded deed or lease to Reynolds, Trustee. All of the statements made might reasonably have been construed to have applied to the timber covered by the reservation in the deed, that is, the timber on the Alabama portion of the place. The testimony of the attorney was entirely too vague and indefinite to put the lower court in error. That notice was not brought home to complainant Dickenson was practically admitted by the averments of the supplemental answer filed by the defendants, which answer was stricken on motion of the complainant. In this answer, which was sworn to, it is said: ''That since the filing of the original answer herein and during the taking of testimony, it has appeared that the complainant, E. T. C. Dickenson, obtained possession and manual delivery of the deed from Smith and Cummings described in the bill of complaint under a mistake of facts. The mistake of facts being as follows: *That the complainant received and accepted the said deed and the sum of Fifteen Hundred Dollars from Smith & Cummings under the belief that the said sum of Fifteen Hundred Dollars was in payment for the timber reserved in said deed on the tract of land located in Houston County, Alabama.*'' (Italics ours).

The attack made by the supplemental answer on the validity of the deed was properly stricken, as it was one

which could not be made in this case, if available at all, would be available to the grantors in the deed and not to third persons, and the grantors, Smith and Cummings, were not parties to this cause. Nor was this attack on the deed by reason of the alleged misunderstanding accompanied by any offer to do equity.

No sufficient reason for allowing a rehearing is made to appear.

Rehearing denied.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.