J. A. B. SHIPPEY, *Appellant, v.* ANNA T. SHIPPEY, *Appellee.*

Division B.

Opinion filed May 22, 1929.

*C. E. Farrington,* for Appellant;

*Baxter, Byrd & Walton,* for Appellee.

BUFORD, J.—The appellant sued the appellee for divorce alleging as the grounds for divorce wilful, obstinate and continued desertion of the complainant by the defendant for a period of more than one year prior to the filing of the bill for divorce.

Service was had on the defendant and she appeared to and answered the bill. Replication was filed, a master appointed, testimony taken, master's report filed and final decree entered, finding the equities with the defendant and dismissing the bill at the cost of the complainant.

From the final decree an appeal was entered.

There were two assignments of error, both of which may properly be considered together as the only question raised is whether or not the decree finds support in the pleadings and the evidence.

The allegation of the bill having been specifically denied in the answer the burden was upon the complainant to prove the allegations of his bill and to prove the existence of every material element required to constitute the grounds for divorce alleged in the bill and relied upon.

In Hill & Hill, 62 Fla. 493, 56 So. R. 941, this Court speaking through MR. CHIEF JUSTICE WHITFIELD says:

It is essential to prove an intention to desert where the ground upon which a divorce is sought is wilful,

obstinate and continued desertion. Continued separation between husband and wife which may be consistent under the proofs with no intention to wilfully and obstinately desert, is not a desertion within the meaning of the statute. Crawford v. Crawford, 17 Fla. 180.

If a wife deserts without cause, and afterwards realizes that she has acted foolishly, and would return if the way was open for her, but her husband refrains from doing anything to induce her to return, for the purpose of making her absence a ground of divorce, her desertion is not obstinate. Trail v. Trail, 32 N. J. Eqr. 231.

The essence of the wrong of desertion by a wife consists in her refusing to live with her husband when he wants her to live with him. Newing v. Newing, 45 N. J. Eqr. 498, 18 Atl. R. 166.

When a husband, not entirely blameless for the act, makes no effort to prevent his desertion by his wife, and acquiesces in and appears satisfied with its continuance, he is not entitled to a divorce on the ground of desertion. Herold v. Herold, 47 N. J. Eqr., 210, 20 Atl. R. 375, 9 L. R. A. 696.

In Welch v. The State, 69 Fla. 21, 67 So. R. 224, this Court approved the definition of desertion as stated in Rector v. Rector, 78 N. J. Eq. 386, 79 Atl. R. 295, in which it was held that the word desertion has a broader meaning than mere physical separation.

In Schouler, on Marriage, Divorce, Separation and Domestic Relations, Sixth Edition, Vol. Two, page 1832, that eminent writer says:

It may be laid down that legal desertion in the present sense of our divorce acts, imports three things:

(1) An actual cessation of cohabitation for the period specified; (2) The wilful intent of the absent spouse to desert; (3) Desertion by that spouse against the will of the other. Unless these three things concur, there is no legal desertion established such as to justify a divorce in the petitioner's favor. Thus, if the husband leaves his wife in his house, and subsequently returns, with her consent, so as to see the children habitually, though he does not cohabit with her, this is not legal desertion. Or, if an ill-treated wife tells her husband that either he must leave the house or else she will, his leaving her will not amount to desertion, so as to give her ground of divorce, for this is compliance with her own wishes. Or, if the spouses are merely shown to have lived separate, the husband rendering no support to the wife, this is not legal desertion. In short, a separation procured by artful effort, or by mutual consent, or by a ready acquiescence in a request, cannot be construed into legal desertion, so as to constitute the basis of a suit for divorce like the present; for, if it could, all discontented couples might find a way of procuring their freedom very readily, with little scandal and delay, by living apart for one, two or three years, as the case might be.

The proof of the third element mentioned in the quotation above, that is, "Desertion by that spouse against the will of the other," is not established by the record in the case before us.

It is well settled in this jurisdiction that the Chancellor's findings of facts, though based upon evidence taken before a master, will not be disturbed unless the evidence clearly shows that such findings are erroneous. Cobb v. Cobb, 82 Fla. 287, 89 So. R. 869; Lasseter v. Long, 85 Fla. 439, 96 So. R. 841, Simpson v. First National Bank, 74

Fla. 539, 77 So. R. 204; Trigo v. Trigo, 90 Fla. 61, 105 So. R. 123.

The decree should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.