BERT GAGNON, *Appellant*, v. MAGIC CITY LUMBER COMPANY, THE SMITH COMPANY, AND R. C. HARLISS, *Appellees.*

Division A.

Opinion filed July 31, 1929.

*Huber, Clements & Blackwell,* for Appellant;

*Shutts & Bowen,* for Appellees.

BROWN, J.—This was a bill filed by the Magic City Lumber Company to foreclose a materialman's lien on certain property situated at Miami Beach, Florida.. The owner, the Smith Company, the original contractor, R. C. Harliss, and the appellant, Bert Gagnon, were made defendants. The case really involved a controversy between only two of the parties, the Lumber Company and Gagnon, each of whom had furnished considerable material to the contractor, as to which of the two had priority of lien as against a certain balance of approximately $10,000.00 left in the hands of the owner when the original contractor abandoned the contract and disappeared. The decision of the case turned upon a question of fact. That question was which of the two contending parties had first delivered to the owner such written notice as is required by Section 5381, Comp. Gen. Laws, Section 3518, Rev. Gen. Stats.

Under said Section 5381, in order for a person who, though not in privity with the owner, has furnished labor or material to the contractor, to acquire a lien on the owner's property, which can be enforced to the extent of the amount unpaid on the contract by the owner to the contractor, such person must deliver to such owner or his agent, a written notice that the contractor, or other person for whom the labor has been performed on the material furnished, is indebted to the person serving such notice, for the performance of labor or the furnishing of material, in the sum stated in the notice. It is further provided that a lien shall exist from the time of the service of the notice

for the amount remaining unpaid by the owner to the contractor under such contract, as provided in the statute.

Section 5381 also provides for the giving of a cautionary notice by a person who is about the perform labor or furnish material, with which variety of notice we are not here concerned. The notices involved in this case pertained to materials already furnished and labor already performed.

And Section 5379, Comp. Gen. Laws, provides that liens for labor and material shall take priority among themselves according to the time that the notices required to create such liens respectively were given or were recorded in cases where record is required. See Curtiss-Bright Ranch Company v. Selden Cypress Door Company, 107 So. R. 679, 91 Fla. 354.

The case was referred to General Master T. J. Doddell, Esq., to take evidence and report his finding as to both the law and the fact. There was evidence introduced tending to support the contentions of both parties, but on the whole, we are inclined to view that the court was justified in sustaining the finding of the master that, although both notices were served on the same day, complainant's notice was served first. The report of the general master was to the effect that the complainant had furnished material to the amount of $13,154.57; that the defendant Gagnon had furnished labor and material to the amount of $4,375.69; that the defendant owner had in its hands the sum of $9,858.58, as the balance due to the defendant contractor, and that said sum of money so held by the owner, and which was due to the contractor at the time the notice was served, being less than the amount due the complainant on its prior lien, should be paid over by the owner to the complainant. Defendant Gagnon filed exceptions to the master's report. The Chancellor overruled the exceptions and entered a decree confirming the report, and in accordance therewith.

While there was some conflict in the testimony, a careful consideration leads us to the conclusion that both the pleadings and the evidence were amply sufficient to sustain the findings of the general master and the decree of the court based thereon. In accord with the general rule, that, whether the decree of the chancellor be based upon testimony taken before him or before a master appointed by him, his conclusion on the facts will not be disturbed unless it clearly appears to be erroneous, the decree of the court below should be affirmed. And it is so ordered.

Affirmed.

TERRELL, C. J:, AND WHITFIELD, STRUM AND BUFORD, J.J., concur.

ELLIS, J., dissents.