SAMUEL LESNOFF, *Appellant,* v. AMBROSE F. BECKER, et al., *Appellees.*

Division A.

Opinion filed May 28, 1931.

*Harry Gordon* and *Leo Rosen,* for Appellant;

*Dunbar H. Johnson* and *Lloyd C. Hooks,* for Appellees.

BUFORD, C.J.—Mamie Becker, a widow, filed suit to cancel of record a second mortgage given to secure the payment of $2900.00 and prayed that said mortgage be expunged from the public records where it was recorded and declared null and void. Delbeck Investment Company, the mortgagor and the grantor in a deed to the complainant, and Florida Smelting Company, mortgagee in the second mortgage, and Samuel Lesnoff, assignee of the second mortgage, were made defendants, The first mortgage was for $7,000.00. It was recorded March 8, 1928. The warranty deed from Delbeck Investment Company to the complainant was dated May 25, 1928, and recorded July 3, 1928, and it was understood between the

parties that the conveyance from Delbeck Investment Company to complainant was subject to the first mortgage and she obligated to pay the same. The record showed no other encumbrance against the property at the time the deed was made. The mortgage from Delbeck Investment Company to Florida Smelting Company was dated April 27, 1928, and recorded October 24th, 1928, after complainant had paid the full purchase price of the property which was conveyed to her, except the $7,000.00 mortgage.

The Florida Smelting Company mortgage was assigned to Samuel Lesnoff under date of November 14, 1928, and the assignment recorded January 25, 1929.

Samuel Lesnoff filed answer and cross bill. Service was had on all parties defendant to the original bill and on all parties named as defendants in the cross bill. Testimony was taken before a Master.

Whether or not the decree should have been entered as it was by the Chancellor depends upon a question of fact. That question of fact is whether or not the complainant in the original suit at the time she purchased the property or at any time before she paid the balance of the purchase price, except the $7,000.00 mortgage which she assumed and obligated to pay, had notice, either actual or constructive, of the existence of the mortgage from Delbeck Investment Company to Florida Smelting Company. The evidence clearly establishes the fact that she had no actual knowledge of the existence of such mortgage. Section 3822 R.G.S., 5698 C.G.L., provides as follows:

"Conveyances to be recorded. — No conveyance, transfer or mortgage of real property, or of any interest therein, nor any lease for a term of one year or longer, shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable

consideration and without notice, unless the same be recorded according to law; nor shall any such instruments made or executed by virtue of any power of attorney be good or effectual in law or in equity against creditors or subsequent purchasers for a valuable consideration and without notice unless the power of attorney be recorded before the accruing of the right of such creditor or subsequent purchaser.''

In Rambo vs. Dickenson, 92 Fla. 758, 110 Sou. 352, in an opinion written by Mr. Chief Justice Brown, this Court said:

''Under our recording statutes, subsequent purchasers acquiring title without notice of a prior unrecorded deed, mortgage or transfer of real property or any interest therein, will be protected against such unrecorded instrument, unless the party claiming thereunder can show that such subsequent purchaser acquired the title with actual notice of such unrecorded conveyance or mortgage, and the burden of showing such notice is upon the party claiming under such unrecorded instrument, the presumption in such case being that such subsequent purchaser acquired his title in good faith and without notice of the prior unrecorded conveyance.''

In Lake vs. Hancock, 38 Fla. 53, 20 Sou. 811, 56 Am. St. Rep. 159, this Court, speaking through Mr. Justice Liddon, said:

''The want of notice on the part of a purchaser of premises, which his grantors had previously conveyed by an unrecorded deed, need not be shown otherwise than by showing the absence of a record, which is *prima facie* sufficient.''

The appellant here contends that notice is necessarily imputable to Mrs. Becker because her son, A. F. Becker, was President of Delbeck Investment Company and in some transactions he acted as agent for his mother.

The record shows that Mrs. Becker did not employ or designate A. F. Becker as her agent or representative in this deal. On the contrary it shows that she did employ New York Title Guaranty & Trust Company to examine the record title and report its status to her. A. F. Becker in this deal as President of the Company was representing Delbeck Investment Company and, as the interests of Delbeck Investment Company were adverse to the interests of Mrs. Becker, A. F. Becker, the President of the Company, was not in position to become the agent of Mrs. Becker and thereby cause her to have imputed to her notice of transactions between Delbeck Investment Company and other third parties of which she otherwise had no notice.

No rule appears to be better established than that while the findings and conclusions of a chancellor where the testimony is taken before a Master or Examiner are not entitled to the same weight as a verdict of a jury, they should not be disturbed by an appellate court unless clearly shown to be erroneous. See Mock vs Thompson, 58 Fla. 477, 50 Sou. 673; Sarasota Ice, Fish & Power Company vs. Lyle & Co., 58 Fla. 517, 50 Sou. 993; Tera Ceia Estates vs. Taylor, 58 Fla. 261, 67 Sou. 169; Hogeboom vs. Anderson, 70 Fla. 530, 70 Sou. 312; Johns vs. Bowden, 72 Fla. 530, 73 Sou. 603; Shippey vs. Shippey, 97 Fla. 881, 122 Sou. 272; Gagnon vs. Magic City Lumber Company, et al., 98 Fla. 270, 123 Sou. 757.

It is not made to appear that the findings and conclusions of the chancellor are clearly erroneous. Therefore, the decree should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.