MARY ELIZABETH HEISLEY, *Appellant,* vs. FIRST BOND AND MORTGAGE COMPANY, C. A. ROBERTS and wife, W. R. O'NEAL individually and as Trustee, ANNA M. DE-FOREST, LAWRENCE SAVINGS AND TRUST COMPANY, and M. A. FULLER, *Appellees.*

138 So. 81.

Division A.

Opinion filed October 17, 1931.

172

*Maguire & Voorhis,* for Appellant;
*Giles & Gurney,* for Appellees.

ELLIS, J.—This is a controversy arising between Mary Elizabeth Heisley, appellant, and First Bond and Mortgage Company over the right to the application of the surplus proceeds arising from the sale of some real property in the City of Orlando which sale was procured by M. A. Fuller, the vendor of the property, in a suit in equity to subject the property to the payment of a vendor's lien against C. A. Roberts, the purchaser, Frank R. Casner mortgagee from Roberts, Mary Elizabeth Heisley, assignee of the mortgage from Casner, First Bond and Mortgage Company mortgagee from C. A. Roberts holding two mortgages from Roberts, W. R. O'Neal Trustee vendee of the property under a conveyance to him by Roberts, Lawrence Savings and Trust Company, another mortgagee from Roberts, and Anna M. DeForest judgment creditor of Roberts.

According to the bill of complaint Fuller was the owner of the land and sold it in January, 1923, to Roberts, who agreed to pay six thousand five hundred dollars for it, upon the following terms: Five hundred dollars cash, and the remaining six thousand and interest in monthly payments of one hundred dollars. Roberts to have possession of the land. He made his payments promptly up to and

including January 24, 1927, and then ceased paying. At that time there was due to Fuller two thousand, six hundred and seventeen dollars and eighty cents.

In January, 1923, Roberts forged a deed of conveyance to himself from Fuller and wife to the property, and caused the forged instrument to be recorded, and then on January 29, 1923, he and his wife executed a mortgage upon the property to Frank R. Casner, which mortgage was duly recorded. That mortgage was for the sum of Thirty-five hundred dollars.

In May, 1925, Casner assigned the mortgage to Mary Elizabeth Heisley, which assignment was recorded in June of that year. That mortgage appears from the public records or Orange County to have been satisfied by Casner on February 17, 1925, several months before he undertook to assign to Mrs. Heisley. In this controversy, however, Mrs. Heisley contends that the purported cancellation of the mortgage was not executed by Casner, nor on his authority.

On February 27, 1925, Roberts executed a mortgage upon the property to First Bond and Mortgage Company to secure a debt of thirty thousand dollars, which mortgage was duly recorded. A few months later, in June, 1925, Roberts executed another mortgage to First Bond and Mortgage Company, which mortgage was also recorded. In June, 1926, Roberts and wife conveyed the property to W. R. O'Neal, Trustee, and that deed of conveyance was also recorded. After the execution of that deed to O'Neal, Roberts and wife executed on July 26, 1926, a mortgage to Lawrence Savings and Trust Company to secure a debt of two hundred and fifty thousand dollars, and that mortgage was duly recorded. In February, 1927, Anna M. DeForest secured a judgment against Roberts in the sum of thirty thousand, two hundred and forty-seven dollars.

Fuller obtained a decree against all of the defendants adjudicating the purported deed of conveyance by him

and wife to Roberts in January, 1923, to be a forgery, obtained an order of sale of the property and the application of the proceeds to the payment of the balance due on the purchase price. The property was sold to the First Bond and Mortgage Company for the sum of eight thousand, three hundred and fourteen dollars.

After paying to Fuller the balance due on the contract of sale all costs and expenses of the suit there remained in the hands of the court the sum of four thousand, eight hundred thirty-five dollars and ninety cents.

Mrs. Heisley filed her petition praying for the application of that balance to the payment of the mortgage from Roberts to Casner dated January 29, 1923, for the sum of thirty-five hundred dollars, and which Mrs. Heisley acquired from Casner. She denounced the cancellation of the mortgage by Casner as unauthorized and not genuine, and that her right to the proceeds was superior to the claims of First Bond and Mortgage Company, W. R. O'Neal and others.

The First Bond and Mortgage Company commenced suit in March, 1927, to foreclose the two mortgages held by it against the defendant Roberts, and a decree of foreclosure was obtained. Mrs. Heisley had also begun a suit to foreclose the mortgage held by her, but had not obtained a decree when the property was sold under the decree in the First Bond and Mortgage Company case and afterwards in the Fuller case. The First Bond and Mortgage Company purchased the property at each sale.

The First Bond and Mortgage Company also filed its petition praying that the balances remaining in the hands of the court from the Fuller sale be applied upon the indebtedness due to it from Roberts. The claim of the First Bond and Mortgage Company rests upon the ground that the public records disclosed a cancellation of the Roberts mortgage to Casner when Mrs. Heisley claims to have ac-

quired it and when Roberts became indebted to the company.

The sole question in the case is one of fact. Was the cancellation of the mortgage from Roberts to Casner a fraud, that is to say without the authority of Casner and a forgery?

A good deal of testimony was taken in the case and the Chancellor entered his decree in favor of the First Bond and Mortgage Company, awarding the balance of the proceeds of the sale to it. Mrs. Heisley took an appeal.

The burden of proof was upon Mrs. Heisley to establish the fraudulent character of the cancellation of the mortgage to Casner, the ownership of which she claimed and under which she sought the application of the funds to its payment.

The First Bond and Mortgage Company took its mortgage from Roberts at a time when the public records disclosed that the Casner mortgage had been cancelled and two months or more before Mrs. Heisley acquired the assignment of it from Casner. When therefore she took the assignment the public records disclosed that the mortgage was cancelled and that the First Bond and Mortgage Company held a mortgage upon the property from Roberts.

In this state of the case, there being no presumption that the First Bond and Mortgage Company caused a forged cancellation of the mortgage to Casner to be recorded, or that the company committed the forgery, the burden was upon Mrs. Heisley to establish the fraud.

It is quite true, as solicitors contend, that the transactions of C. A. Roberts were of a character that most any disparaging opinion of the good faith and honesty of the man might well be justified, but it cannot be presumed that The First Bond and Mortgage Company made itself a party to his frauds.

A general rule to which this jurisdiction has been long committed is that fraud is not to be presumed but must

176

be proved, and this rule obtains in law as well as in equity. Gibson v. Love, 4 Fla. 217; Wilson v. Lott, 5 Fla. 305; Sanford v. Cloud, 17 Fla. 557; Ballard v. Eckman, 20 Fla. 661.

Where no fiduciary relations exist between the parties and the right to relief is based upon the alleged commission of a fraud, the presumption is in favor of the fairness of the transaction and the innocence of the party accused, and the burden of proof is upon the party asserting the fraud to establish the same. White v. Walker, 5 Fla. 478; 6 Ency. Evidence 6, and authorities cited in the Note.

Mr. Heath the notarial officer before whom the satisfaction of the mortgage was taken and who also signed as a witness said that he had no recollection of the particular transaction, but about that time, the date of the instrument, he took Mr. Casner's acknowledgment of the execution of several instruments.

Mr. Casner was not called as a witness, and Mrs. Heisley was not very clear in the explanation of the transaction with Mr. Casner in which she acquired the mortgage. It is even barely possible that a mistake was made as to the particular mortgage about which she first dealt with Mr. Casner. That theory would at least be consistent with Mr. Casner's good faith in the transaction although his subsequent endorsement of the note and assignment of the mortgage was not.

The appellate court will not disturb the Chancellor's findings unless it clearly appears that he was in error. See Charles v. Appelton, 73 Fla. 362, 74 South. Rep. 414; Guggenheimer v. Davidson, 74 Fla. 485, 77 South. Rep. 266; Smith v. O'Brien, 75 Fla. 252, 78 South. Rep. 13; Hill v. Beacham, 79 Fla. 430, 85 South. Rep. 147; Mickens v. Mickens, 75 Fla. 391, 78 South. Rep. 287; Lesnoff v. Becker, 101 Fla. 146, 135 South. Rep. 146; Brown v. Turnipseed, decided present term.

The decree appealed from is affirmed.

Buford, C.J., and Brown, J., concur.

Whitfield, P.J., and Terrell and Davis, J.J., concur in the opinion and judgment.