**150**

In re BERKLEY MULTI–UNITS, INC., Debtor.

Santo D'ALFONSO and Irma D'Alfonso, and Italia Abate, Plaintiffs,

v.

Robert VINNEY, Trustee, et al., Defendants.

Bankruptcy No. 85–0433–BKC–8P1. Adv. No. 87–201.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 25, 1988.

Daniel J. Herman, Largo, Fla., for plaintiffs.

Jeffrey Warren, Tampa, Fla., co-trustee.

Sharon L. Blake, Miami, Fla., for Rafael and Zayda Diaz.

Robert Jackson, Vero Beach Fla., for James Lowry.

Angela M. Adams, St. Pete Fla., for Patricia Klar.

Roger L. Fishell, Sarasota, Fla., for Lester and Charlotte Detwiller.

Richard Prosser, Tampa, Fla., for committee of investors.

Craig A. Minegar, Tampa, Fla., for Fred Dudney, Jr., Asst. U.S. Trustee.

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon a Partial Motion for Summary Judgment filed by Santo and Irma D'Alfonso and Italia Abate (Plaintiffs), the Plaintiffs in the above-captioned adversary proceeding. It is the contention of the Plaintiffs that no material issues of fact exist as to their priority position as to certain funds resulting from a sale of property of the Debtor–in–Possession, and thus, this question may be resolved as a matter of law. The Court has considered the Motion, together with argument of counsel and the record, and finds the chronological summary of the undisputed facts relevant to a resolution of the matter under consideration to be as follows:

The matter in controversy involves the respective priority of mortgages held by the Plaintiffs and holders of equal dignity mortgages referred to as "EDM's" on a parcel of real estate in Pinellas County, Florida, known as the Dolphin Motel. The motel was at one time owned by the Plaintiffs as co-owners. On November 15, 1983,

prior to the time the Debtor acquired ownership of the Dolphin Motel, the President of the Debtor executed on its behalf documents entitled "equal dignity mortgages" which purported to convey to 30 individuals a mortgage interest encumbering the motel facility. It should be noted that each of the "EDM" mortgages contained the following clause.

"This is a second mortgage. This is one second mortgage of equal dignity to be part of various equal dignity second mortgages to be given in the total amount of $314,000.00."

"... and that said land is free and clear of all encumbrances except mortgage in favor of Rochester Resorts, Inc., in the original amount of $248,000.00 and recorded even date herewith."

As noted above, at the time these mortgages were executed, the Dolphin Motel was still owned by the Plaintiffs.

On November 16, 1983, the day after the Debtor executed the "equal dignity mortgages", the Plaintiffs as assignors and the Debtor as assignee executed a document titled as "Assignment of Agreement for Deed" (Assignment), which assigned the entire interest of the Plaintiffs in the Dolphin Motel to the Debtor. The Agreement further provided, inter alia, as follows:

"This Assignment of Agreement for Deed is subject to a purchase money mortgage of even date in the sum of one hundred forty-seven thousand dollars ($147,000.00)"

In connection with the Assignment, the President of the Debtor also executed a purchase money mortgage naming the Plaintiffs as mortgagees. The Assignment was subsequently recorded in the public records of Pinellas County, Florida, on December 9, 1983, at 4:13 p.m. Precisely one minute after the Assignment was recorded, the "EDM's" were recorded at 4:14 p.m., and the purchase money mortgage executed in connection with the Plaintiffs' Assignment of Agreement for Deed was then recorded exactly one minute thereafter at 4:15 p.m.

On February 25, 1985, the Debtor filed its Chapter 11 Petition, and Robert Vinney and Jeffrey Warren (Trustees) were ultimately appointed as co-Trustees for the estate of the Debtor. On December 2, 1986, the co-Trustees sold the Dolphin Motel with court approval free and clear of all liens, with the proviso that all liens against the property would be transferred to the proceeds of the sale. The property was sold for $470,000.00. The net proceeds from the sale after paying closing costs and the first mortgage held by an entity known as Rochester Resorts, Inc., totalled $117,666.61. It is these proceeds to which the Plaintiffs contend they are in a first priority position superior to the position of the holders of the EDM's.

While there is a question of fact as to whether the Plaintiffs' purchase money mortgage was subordinated by express agreement to the EDM's, this Court will limit its consideration to the sole question whether the Plaintiffs' mortgage is superior in right to the EDM's described previously. Based on the record, this Court is satisfied that no material questions of fact exist as to the question of the respective priorities between the Plaintiffs' mortgage and the EDM's, and, therefore, this dispute may be resolved as a matter of law.

In a nutshell, it is the contention of the Plaintiffs that their mortgage is entitled to first priority position regardless of the fact that the EDM's were recorded prior in time, based on the fact that the EDM's had notice of the Plaintiffs' mortgage due to the recordation of the Assignment of Agreement for Deed, which as noted, was recorded one minute prior to the EDM's. In opposition, it is the contention of the EDM's that they had no notice of the Plaintiffs' mortgage at the time their mortgages were recorded and, therefore, they should be entitled to a priority position based on the Florida recording statutes discussed below.

The initial governing provision dealing with priorities of mortgages is Fla.Stat. 695.01(1) (1987), which provides as follows:

1. No conveyance, transfer or mortgage of real property ... shall be good and effectual in law or in equity against creditors or subsequent purchasers for valu-

able consideration and without notice unless the same be recorded according to law; ....

In turn, Fla.Stat. 695.11 (1987) provides as follows:

INSTRUMENTS DEEMED TO BE RECORDED FROM TIME OF FILING.

All instruments which are authorized or required to be recorded in the office of the clerk of the circuit court of any county in the state of Florida, and which are to be recorded in the "official records" as provided for under F.28.222, and which are filed for recording on or after the effective date of this act, shall be deemed to have been officially accepted by the said officer, and officially recorded, at the time he affixed thereon the consecutive official register numbers required under F.28.222, and at such time shall be notice to all persons. *The sequence of such official numbers shall determine the priority of recordation.* An instrument bearing the lower number and the then current series of numbers shall have priority over any instrument bearing a higher number in the same series. (emphasis added)

Based upon the above-cited statutes, it is clear that initially the priority of the mortgages should be considered solely with reference of their time of recordation—the EDM's first, and the mortgage of the Plaintiffs, second. Thus, granting the Plaintiffs first priority can only be justified if the EDM's had notice of the Plaintiffs' mortgage.

It is well established that the burden of proof as to notice is on the party claiming priority, *Rambo v. Dickenson*, 92 Fla. 758, 110 So. 352 (1926). As it is undisputed that the EDM holders did not have actual notice of the Plaintiff's Assignment of Agreement for Deed or purchase money mortgage at the time the EDM's were recorded, in order to prevail the Plaintiffs must establish that the EDM's had at least constructive notice of their claimed interest in the subject property. *See Cone Bros. Const. Co. v. Moore*, 141 Fla. 420, 193 So. 288 (Fla.1940).

This is so because it has been traditionally recognized that the concept of notice includes constructive as well as actual notice, and constructive notice exists when a document has been recorded in the public records. *Leffler v. Smith*, 388 So.2d 261 (Fla. 5th DCA 1980) This recordation of a document provides constructive notice of both the document itself and of the facts set forth in the document provided it contains adequate information giving notice of the interest claimed. *Id.*

While it is clear that the Assignment recorded on December 9, 1983, at 4:13 p.m., contained a clause which technically provided constructive notice to the EDM's as to the Plaintiffs' mortgage, it is also clear that in this situation all the documents in issue were delivered to the title company and then recorded simultaneously, and as such this Court is satisfied that no reasonable definition of "constructive notice" would contemplate a literal one minute's difference in recordation time as notice of a prior recorded mortgage. Therefore, based upon the fact that the EDM's recorded their mortgage prior in time to the Plaintiffs and because the EDM's did not have actual or constructive notice of the Plaintiffs' mortgage, the Plaintiffs' Motion for Summary Judgment must be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Partial Motion for Summary Judgment be, and the same is hereby, denied.