**In re BERKLEY MULTI–UNITS, INC., Debtor.**

**Robert E. VENNEY and Jeffrey W. Warren, as co-Trustees of Berkley Multi–Units, Inc., a Debtor–in–Possession, Plaintiffs,**

v.

**Roger W. ATWATER and Dorothy A. Atwater, et al., Defendants.**

**Bankruptcy No. 85–0433–8P1.
Adv. No. 89–023.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 11, 1989.

Jeffrey Warren, Tampa, Fla., for plaintiffs.

David H. Adams, Clark & Stant, P.C., Virginia Beach, Va., Roy J. Morgan, Orlando, Fla., for defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY,
Chief Judge.

THIS CAUSE came on for consideration upon Cross–Motions for Summary Judgment filed by T. Roy Jarrett (Defendant), and Robert E. Venney and Jeffrey W. Warren, as co-trustees (Plaintiffs). It is the contention of both parties that no material issues of fact exist as to the Defendant's claim that he holds a priority position in certain funds resulting from a sale of property of the Debtor–in–Possession and thus, this question may be resolved as a matter of law. The Court has considered the Motion, together with argument of counsel and the record, and finds a chronological summary of the undisputed facts relevant to a resolution of the matter under consideration to be as follows.

The matter in controversy involves the respective priority of mortgages held by

the Defendant and holders of equal dignity mortgages referred to as "EDM's" on a parcel of real estate in Broward County, known as the Atlantic Shores Motel.

On February 25, 1985, the Debtor filed its Chapter 11 Petition for Voluntary Relief under Chapter 11 of the Bankruptcy Code, and subsequently, Robert E. Venney and Jeffrey W. Warren were appointed as co-Trustees of Berkley Multi–Units, Inc. On August 19, 1986, the bankruptcy court entered an Order granting co-Trustees' Motion for Authorization to Sell Property at Auction Sale Free and Clear of Liens, liens to attach to proceeds of sale providing for certain bidding procedures and notices required with respect thereto, providing for determination of fees and costs and setting times for objections to sales and hearing on confirmation of sales. Pursuant to that Order, Warren and Venney as co-Trustees conducted a public auction of the Atlantic Shores Motel. On September 26, 1986, this Court entered an Order confirming auction sale of the Atlantic Shores Motel. Pursuant to the sale order, Warren and Venney as co-Trustees consummated a sale on or about December 31, 1986. All liens and encumbrances against the Atlantic Shores Motel that were not paid at closing were transferred to the net proceeds of the sale by order of the Court. The co-Trustees now hold in excess of $148,000 in an interest-earning escrow account representing the net proceeds of the sale.

Prior to October of 1983, Jarrett purchased and was the fee simple owner of that certain land, together with all improvements thereon, known as the Atlantic Shores Motel, described as Lot 15 in Block 19, Lauderdale Beach, according to the plat thereof, recorded in Plat Book 4, Page 2, of the Public Records of Broward County, Florida. On or about October 24, 1983, Jarrett sold the property to Berkley Multi–Units, Inc., a Florida corporation (Debtor), pursuant to the terms of a certain deposit receipt and Contract for Sale and purchase dated October 12, 1983. Pursuant to the Contract, Jarrett financed a portion of the sale of the property by taking back a note dated October 24, 1983, in the original principal amount of $175,000 bearing interest

at the rate of 10% per annum until paid, and secured by a purchase money mortgage constituting a first mortgage lien on the property (purchase money first mortgage), duly recorded in the Public Records of Broward County, Florida, in Book 11229, at Page 932. In addition, pursuant to the terms of the Contract, Jarrett financed a portion of the sale of the property by taking back a note dated October 24, 1983, in the original principal amount of $125,000, bearing interest at the rate of 12% per annum until paid and secured by a purchase money mortgage constituting a second mortgage lien on the property (purchase money second mortgage), which was duly recorded in the Public Records of Broward County, Florida, in Book 11230, at Page 47. The sale of the property to the Debtor was closed and consummated almost immediately upon the receipt and acceptance by Jarrett of the contract submitted by Michael J. Kessler, president of the Debtor. Suncoast Title of PBC, Inc., filed for record the warranty deed, purchase money first mortgage, and purchase money second mortgage. A title examination of the property revealed that certain equal dignity mortgages (EDM's) were recorded immediately *after* the purchase money first mortgage and immediately *before* the purchase money second mortgage, but all documents affecting the property were recorded on October 24, 1983, within a few minutes of each other.

The first page of the recorded warranty deed stated the following:

This deed is issued subject to a purchase money first mortgage and a purchase money second mortgage.

The first page of the purchase money first mortgage stated the following:

This is a purchase money first mortgage. This mortgage is given by a mortgagor to the mortgagee in conjunction with and at the same time as the mortgagor has granted to the mortgagee a second mortgage securing the purchase money second note in the amount of $125,000. It is understood and agreed that a default in this first mortgage shall constitute a default in the second mortgage.

The purchase money second mortgage provided in pertinent part:

This mortgage may be subordinated to a second mortgage securing an indebtedness not to exceed the sum of 75% of the fair market value of the subject property as established by an appraisal by a MAI real estate appraiser.

On or about September 1986, pursuant to an Order of this Court, Jarrett was paid in full all amounts due and secured under the purchase money first mortgage out of the proceeds of the auction sale of the property. Jarrett contends that the amount due under the purchase money second mortgage as of January 24, 1989, is $203,757, consisting of $125,000 of principal and $78,750 of accrued interest plus the amount of $41.09589 in interest per day after January 24, 1989, until fully paid, and attorney's fees and costs. Jarrett argues that the warranty deed and purchase money first mortgage which were recorded prior to the EDM's contain on their face unequivocal references to the prior existence of the purchase money second mortgage, which by operation of law gave the beneficiaries of all EDM's constructive notice of the prior existence of the purchase money second mortgage and Jarrett's superior lien.

This Court will limit its consideration to the sole question whether Jarrett's mortgage is superior in right to the EDM's described previously. Based on the record, this Court is satisfied that no material questions of fact exist as to the question of the respective priorities between Jarrett's mortgages and the EDM's and, therefore, this dispute may be resolved as a matter of law. In a nutshell, it is Jarrett's contention that his mortgage is entitled to first priority position, regardless of the fact that the EDM's were recorded prior in time based on the fact that the EDM's had notice of the Plaintiffs' mortgage due to the recordation of the first purchase money mortgage which was recorded minutes prior to the EDM's. In opposition is the contention of the EDM's that they had no notice of this purchase money second mortgage at the time their mortgages were recorded, and, therefore, they should be entitled to a priority position based on the Florida Recording Statutes. Alternatively, Jarrett argues that even if the purchase money second mortgage is to be subordinated to any prior recorded mortgages, that the language of the purchase money second mortgage provides only that the mortgage *may* be subordinated to a second mortgage securing an indebtedness, and certainly not to all of the EDM's that may have been recorded. The initial governing provision dealing with priorities of mortgages is Fla. Stat. 695.01(1) (1987) which provides as follows:

No conveyance, transfer, or mortgage of real property ... shall be good and effectual in law or in equity against creditors or subsequent purchasers for valuable consideration and without notice unless the same be recorded according to law.

All instruments which are authorized or required to be recorded in the office of the clerk of the circuit court of any county in the State of Florida and which are to be recorded in the official records as provided for under s.28.222 and which are filed for recording on or after the effective date of this Act, shall be deemed to have been officially accepted by said officer and officially recorded at the time he affixed thereon the consecutive official registered numbers required under s.28.226 and at such time shall be noticed to all persons.

Jarrett does not contend that any of the beneficiaries of the EDM's had actual notice of the existence of the purchase money second mortgage. In fact, none of the beneficiaries of the EDM's had any knowledge of the property or the transaction between the Debtor and Jarrett. They were only general investors in the Debtor's various enterprises, and had no idea on which specific properties, if any, liens would be placed to secure their monetary investment. Jarrett argues that under Florida's recording statutes, the recordation of an instrument, in this case the warranty deed and the purchase money first mortgage, is constructive notice to creditors and subsequent purchasers, not only of its existence and contents, but also of such other facts concerned with the in-

strument as would have been ascertained from the record, if it had been examined and if inquiries suggested by it had been prosecuted.

This Court has had an opportunity to visit an almost identical issue in *D'Alfonso v. Vinney*, 91 B.R. 150 (M.D.Fla.1988). In the *D'Alfonso* case, this Court recognized that in order to prevail, the last recorded record holder must establish that the EDM's had at least constructive notice of their claimed interest in the subject property. *See Cone Brothers Construction Co. v. Moore*, 141 Fla. 420, 193 So. 288 (Fla. 1940). The concept of notice in Florida traditionally includes constructive, as well as actual notice, and constructive notice exists when the document has been recorded in the public records. *See Leffler v. Smith*, 388 So.2d 261 (Fla. 5th DCA 1980). This recordation of a document provides constructive notice of both the document itself and of the facts set forth in the document, provided it contains adequate information giving notice of the interest claimed. *Id.*

In *D'Alfonso*, this Court held that although technically the assignment which was recorded last provided constructive notice to the EDM's as to the mortgage, that no court could contemplate the one minute's difference in recordation time even as "constructive notice of a prior recorded mortgage". *Id.* Therefore, based upon the fact that the EDM's did not have actual or constructive notice of the mortgage, the Court denied the Motion for Summary Judgment. In the present case, the purchase money first mortgage referenced the purchase money second mortgage, but all three mortgages were recorded within moments of each other, just as in the *D'Alfonso* case, and so this Court is satisfied that once again, the EDM's did not have actual or constructive notice of the prior recorded mortgage and, therefore, because the EDM's recorded their mortgage prior to Jarrett's purchase money second mortgage, it must be held to have been recorded prior to the purchase money second mortgage and has priority as a result thereof.

Therefore, based on the fact that the EDM's recorded their mortgage prior in time to Jarrett's second mortgage, and because the EDM's did not have actual or constructive notice of Jarrett's mortgage, Jarrett's Motion for Summary Judgment must be denied and the Plaintiff's Motion for Partial Summary Judgment should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Defendants' Motion for Summary Judgment be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Plaintiff's Motion for Partial Final Summary Judgment be, and the same is hereby, granted.

DONE AND ORDERED.