382 So.2d 1309 (1980)
SALINA MANUFACTURING COMPANY, Appellant,
v.
DINER'S CLUB, INC., Appellee.
No. 79-1042.
District Court of Appeal of Florida, Third District.
April 22, 1980.
Rehearing Denied May 21, 1980.
Nicholson, Dender & Chandler and James R. Chandler, III, Miami, for appellant.
*1310 Robert Bakerman and Louis A. Supraski, Miami, for appellee.
Before BARKDULL, HENDRY and SCHWARTZ, JJ.
SCHWARTZ, Judge.
Reversing the contrary conclusion reached by the trial judge, we hold that a judgment creditor which, through supplementary proceedings, is responsible for subjecting property of a common debtor to execution has priority in the satisfaction of its judgment from that levy, even over another judgment creditor which had first delivered its writ of execution to the sheriff. The issue arose below in the following manner.
In July, 1972, the appellee, Diner's Club, Inc., secured a $5,167.22 judgment against a person with the improbable name of Isaac E. Newton, III, in the Dade County Civil Court of Record. Although it obtained a writ of execution and took it to the sheriff in October, 1972, no assets subject to execution were discovered and the Diner's Club was unable to collect any portion of the judgment.
In July, 1973, the appellant, Salina Manufacturing Company, obtained a $2,355.06 Dade County Court judgment against Newton. Its writ of execution was placed in the sheriff's hands in September, 1973. In the course of its discovery in aid of execution, which it pursued over the next several years, Salina learned that Newton had purchased a boat with his own funds in October, 1975. Since title had been taken in the names of both Newton and his wife by the entireties, the vessel could not then be levied upon pursuant to either judgment or writ of execution. In April, 1978, therefore, the appellant instituted supplementary proceedings, pursuant to Section 56.29, Florida Statutes (1977), so as to subject the boat to its County Court judgment against Newton individually. In December, 1978, the County Court granted Salina this relief, voiding the transfer of the boat to the joint names, and directing the sheriff to "levy on the ... boat and sell [it] ... for the satisfaction of [Salina's] judgment and execution."
It was only after the sheriff had advertised the boat for sale in accordance with this County Court order that the Diner's Club, which had done nothing for over six years, sought to enforce its 1972 judgment. It moved the Circuit Court, as the successor to the Civil Court of Record, to order that its execution be granted priority over Salina's. The Circuit Court granted the motion, ordering the sheriff to sell the boat under the Diner's Club judgment and writ and permitting the appellee to bid its judgment in at the sale, while requiring all others, including Salina, to make cash bids.[1] After the sale, at which the Diner's Club successfully bid $4000 on its judgment,[2] Salina took this appeal from the order determining the order of priorities against it.
The trial court obviously followed the general principle that, between two or more judgment creditors, priority as to funds secured through levy upon property of a debtor which is subject to execution is determined by the order in which the respective writs of execution are received by the sheriff. Blackstone Holding Co. v. Lawrence, 140 Fla. 703, 192 So. 198 (1939); Goodyear Tire & Rubber Co. v. Daniell, 72 Fla. 489, 73 So. 592 (1916); Love v. Williams, 4 Fla. 126 (1851). This doctrine is, however, inapplicable to the present situation.
As we have noted, since the boat was legally titled by the entireties it was not initially reachable by either party's judgment or writ of execution. Meyer v. Faust, 83 So.2d 847 (Fla. 1955); Evins v. Gainesville National Bank, 80 Fla. 84, 85 So. 659 (1920). It was only upon the successful culmination of the supplementary proceedings instituted by Salina that Newton's theretofore purely equitable individual interest *1311 in the boat became subject to levy. In this set of circumstances the controlling principles are the universally-accepted ones stated in 13 Fla.Jur.2d Creditors' Rights, §§ 308, 309 (1979):
As against third parties, the filing of a creditors' suit with service of process creates a lien on the equitable assets of the debtor. This lien is not dependent on the creditor's obtaining an injunction or on the appointment of a receiver. It attaches with the commencement of the suit in equity, even though a judgment at law has not been obtained, and is perfected on issuance of judgment....
* * * * * *

The diligent creditor who discovers and brings into equity the assets of a debtor is ordinarily entitled to priority over all other creditors, including the full claim for costs and expenses of the suit. This rule does not apply, however, where the plaintiff brings a class suit for the benefit of all creditors, or where the property is subject to execution at law under a prior judgment. [e.s.]
Eldridge, Dunham & Co. v. Post, 20 Fla. 579 (1884); In re Pemberton, 260 F. 521 (S.D. Fla. 1919); 21 Am.Jur.2d Creditors' Bills § 92 (1965). It plainly makes no difference that the equitable asset was reached through supplementary proceedings rather than a creditors' bill, as in the cited cases and authorities. The supreme court said in George E. Sebring Co. v. O'Rourke, 101 Fla. 885, 134 So. 556, 561 (1931):
... the general rule is that in those jurisdictions where proceedings supplementary to execution are authorized by statute, as do sections 4540-4549, Comp. Gen.Laws 1927, such supplementary proceedings are regarded as a substitute for the creditor's bill of the chancery practice, as they afford a more expeditious and appropriate remedy to reach the concealed assets of the debtor than a bill in chancery and may be so far considered as practically an exclusive remedy except where it does not furnish adequate remedy. [e.s.]
Our conclusion is dictated also by Section 56.29(6)(b), Florida Statutes (1977), which clearly provides that the property held subject to levy in proceedings supplementary shall be sold to satisfy the judgment and execution  that is, Salina's  which formed the basis of the proceedings themselves. See also Richard v. McNair, 121 Fla. 733, 164 So. 836 (1935).
In holding that the appellant is entitled to priority, we are not uninfluenced by the fact that its efforts were alone responsible for the availability of the funds now in controversy and by the consequent inequity involved in permitting the appellee to reap the benefits of its opponent's labors. The apples finally fell on Isaac Newton's head only because Salina shook the tree; it should therefore have the first slice of the pie.[3]
For these reasons, the order below is reversed and the cause remanded to enter judgment against the appellee, in an amount not to exceed the $4,000 bid at the sale,[4] for Salina's County Court judgment, interest, and costs expended in the supplementary proceedings.
Reversed and remanded.
HENDRY, Judge, dissenting.
The issue involved in the instant case is simply whether the order of priority as to the satisfaction of judgments remains the same where proceedings supplementary have been instituted against the debtor. It is a firm, long-standing principle that as between two or more judgment lienors, the writ of execution first received by the sheriff is afforded priority with respect to monies collected through levy. Since proceedings supplementary are collateral to the original main action(s) upon which the execution(s) is/are supported, I see no reason why the established order of priority should not remain the same in the later proceedings. The order appealed should be affirmed. *1312 See Young v. McKenzie, 46 So.2d 184 (Fla. 1950); Ryan's Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483 (1935); Goodyear Tire & Rubber Co. v. Daniel, 72 Fla. 489, 73 So. 592 (1916); Love v. Williams, 4 Fla. 126 (1851); Flagship State Bank of Jacksonville v. Carantzas, 352 So.2d 1259 (Fla. 1st DCA 1977); Smith v. Purdy, 272 So.2d 545 (Fla. 3d DCA 1973); Section 59.29, Florida Statutes (1977).
NOTES
[1] Solomonically, if inconsistently, the court did hold that Salina was entitled to recover the costs of the County Court supplementary proceedings.
[2] Although Diner's Club later sold the boat for an unspecified sum to a bona fide purchaser, only the $4,000 received by the sheriff is now in issue.
[3] In expressing ourselves in this way, we do not demean the gravity of the issue before us.
[4] See note 2, supra.