PER CURIAM.
We are asked in this appeal from a final judgment to resolve a priority contest between two judgment liens.
On April 6, 1978, appellant Martinez secured a final judgment against San Bar Enterprises, Inc. (San Bar), a Florida corpo *469 ration. The judgment was assigned the official register number 78R 89360 and was recorded in Official Record Book 9996 at page 1685 of the Public Records of Dade County, Florida. On the same day and at approximately the same time, appellees obtained a judgment against San Bar which was given the official register number 78R 89359 and recorded in Official Record Book 9996 at page 1684. Appellant Martinez executed a sheriff’s levy upon the real property owned by San Bar on April 11, 1978, and subsequently received a sheriff’s deed on the property. In November 1980, appellees filed a petition to establish a lien and for other equitable relief with the circuit court, alleging that the sheriff’s levy and deed were issued subject to appellees’ lien judgment since it was recorded prior to appellant’s. On February 4, 1981, the circuit court entered a final judgment finding that appellees’ lien was superior to appellant’s and that the sheriff’s sale in 1978 did not foreclose appellees’ interest in the property. The court then approved a plan to set aside the proceeds of a planned sale of the property pending termination of all judicial labor. This appeal ensued.
In order to create a lien on real property, a certified copy of a judgment or decree must be recorded in the official records of the county where the property is located. Sec. 55.10(1), Florida Statutes; Smith v. Venus Condominium Association, Inc., 352 So.2d 1169 (Fla.1977). Since both judgments were properly recorded as required by Section 55.10(1), we next look to Section 695.11, Florida Statutes, which addresses this precise issue:
695.11 Instruments deemed to be recorded from time of filing. — All instruments which are authorized or required to be recorded in the office of the clerk of the circuit court of any county in the State of Florida, and which are to be recorded in the “Official Records” as provided for under s. 28.222, and which are filed for recording on or after the effective date of this act, shall be deemed to have been officially accepted by the said officer, and officially recorded, at the time he affixed thereon the consecutive official register numbers required under s. 28.222, and at such time shall be notice to all persons. The sequence of such official numbers shall determine the priority of recordation. An instrument bearing the lower number in the then current series of numbers shall have priority over any instrument bearing a higher number in the same series, [e.s.]
A final judgment is an instrument required to be recorded in the official records [see Sec. 28.222(3)(c)], and, as the italicized provision indicates, the sequence of official numbers determines priority of rec-ordation, subordinating the higher number to the lower. In the present case, the official register number on appellant’s judgment is 78R 89360, and on appellees’ judgment is 78R 89359. Because appellees’ judgment bears the lower number in the same series of numbers, it has priority over appellant’s judgment and the sheriff’s sale was ineffective to cut off appellees’ interest in the property. This rule may admittedly produce a harsh result where, as here, two judgments are presented for recording at the same time. Of necessity, however, there must be some manner of distinguishing among liens on the same piece of property, and our legislature has chosen the method prescribed in Section 695.11. We therefore hold that the trial court properly found appellees’ judgment lien to be superi- or to appellant’s.[1]
Affirmed.

. Our conclusion that the two judgments are not on an equal footing renders unnecessary a determination of appellant’s second contention which argues that if the judgments are found to have equal standing, he should take the property free and clear because he was the first to execute on the property. We also do not decide the third issue raised by appellant which requests reimbursement for amounts he paid on the mortgage of the property since this issue was not raised in the proceedings below and we are confined to the record on appeal. See e. g., Hartley v. Florida East Coast Ry. Co., 339 So.2d 630 (Fla.1976); Integrated Container Services, Inc. v. Overstreet, 375 So.2d 1146 (Fla. 3d DCA 1979); Jaruagua Enterprises, Inc. v. Dom, Inc., 339 So.2d 702 (Fla. 3d DCA 1976).