659 So.2d 1118 (1995)
LAMCHICK, GLUCKSMAN & JOHNSTON, P.A., A Florida corporation, Appellant,
v.
CITY NATIONAL BANK OF FLORIDA, as Trustee, Appellee.
No. 94-2032.
District Court of Appeal of Florida, Third District.
July 19, 1995.
Rehearing Denied September 27, 1995.
Zack, Ponce, Tucker, Korge & Gillespie, and Stephen N. Zack, Bertha Claire Lee and Keith E. Hope, Miami, for appellant.
Young, Berkman, Berman & Karpf and Andrew S. Berman, N. Miami Beach, for appellee.
Before NESBITT, BASKIN and GERSTEN, JJ.
PER CURIAM.
Appellants Lamchick, Glucksman & Johnston, P.A. (LGJ), appeal from an adverse *1119 final summary judgment awarding diligent creditors a priority lien over LGJ's prior recorded lien. We reverse based upon our conclusion that the diligent creditor rule does not apply to permit a readjustment of priorities of judgment liens on real property.
Although the facts in this case are convoluted, the ultimate dispositive issue is whether a diligent creditor is entitled to priority over a previously recorded creditor's judgment lien. It is well established under Florida law that where there is more than one judgment lien on real property, priorities between the judgment liens are established by statute. See § 695.11, Fla. Stat. (1993); Martinez v. Reyes, 405 So.2d 468, 469 (Fla. 3d DCA 1981).
Section 695.11 specifically provides that recorded judgments:
shall be deemed to have been officially accepted by the said officer, and officially recorded, at the time he affixed thereon the consecutive official register numbers required under s. 28.222, and at such time shall be notice to all persons. The sequence of such official numbers shall determine the priority of recordation. An instrument bearing the lower number in the then current series of numbers shall have priority over any instrument bearing a higher number in the same series.
Here, LGJ had obtained a judgment which was filed in the official records of Dade County on June 28, 1988, and thus became a lien on the subject real property owned by the judgment debtor on that date. See § 55.10, Fla. Stat. (1987); Smith v. Venus Condominium Ass'n, Inc., 352 So.2d 1169 (Fla. 1977); Steinbrecher v. Cannon, 501 So.2d 659 (Fla. 1st DCA), review denied, 509 So.2d 1119 (Fla. 1987); Martinez v. Reyes, 405 So.2d at 468.
Pursuant to Section 695.11, LGJ had priority because its lien was recorded before the appellee's lien. However, the appellee argued, and the trial court ruled, that the diligent creditor rule applied to real property, and thus the appellee, as diligent creditor, could establish a priority over LGJ's previously recorded judgment lien.
It is undisputed that the appellee in this case was a diligent creditor. The appellee was solely responsible for instituting proceedings supplementary to obtain a declaration that the real property was not exempt property, and thus could be subject to levy.
However, it is also undisputed that LGJ had a valid judgment lien against the property which was recorded prior to the appellee's lien. A valid money judgment which has been duly recorded and entered as a lien against land "must be accorded its legal effect until it is satisfied by payment (see § 55.141, Fla. Stat.) or the lien thereof expires as provided by law (see §§ 55.081 and 55.10, Fla. Stat.) or judicial relief from judgment is properly granted a party or his legal representative for a reason recognized in law (see Fla.R.Civ.P. 1.540)." Sharpe v. Calabrese, 528 So.2d 947, 950 (Fla. 5th DCA 1988). LGJ's lien had neither expired nor been satisfied, and there is no evidence in the record, and no allegation in the pleadings, that the judgment lien was void or voidable.
In Salina Mfg. Co. v. Diner's Club, Inc., 382 So.2d 1309, 1311 (Fla. 3d DCA 1980), this court held that the diligent creditor rule applied to personal property. We recognized the general rule that priorities of judgment liens on personal property are determined by the order in which the writs of execution are received by the sheriff. Salina Mfg. Co. v. Diner's Club, Inc., 382 So.2d at 1310. See Jacksonville Bulls Football, Ltd. v. Blatt, 535 So.2d 626 (Fla. 3d DCA 1988). However, we determined that where personal property is concerned and the assets are not initially reachable by a judgment or writ of execution, the diligent creditor who discovers and brings into equity these assets, is entitled to priority over all other creditors. Salina Mfg. Co. v. Diner's Club, Inc., 382 So.2d at 1311.
In the context of personal property, we reasoned that the efforts of the party responsible for making such assets available should be rewarded, and that it would be inequitable to permit others to reap the benefits of the diligent creditor's labors. Salina Mfg. Co. v. Diner's Club, Inc., 382 So.2d at 1311. See also Whigham v. Muehl, 511 So.2d 717 (Fla. 1st DCA 1987) (recognizing that later creditor *1120 may assert higher priority in assets because he is a diligent creditor).
However, because of the different concerns involved in the context of real property, the diligent creditor doctrine cannot be used to allow creditors to "leapfrog" over established real property priorities. Where real property is concerned, it is a firm, long standing principle, that priorities of liens on real property are established by date of recordation. See Martinez v. Reyes, 405 So.2d 468, 469 (Fla. 3d DCA 1981). This principle is statutorily embodied in Section 695.11 which exclusively establishes priorities between judgments. We see no reason to carve out an exception to this established procedure which is both logical and fair, and affords both stability and certainty in this area of the law.
Accordingly, we find that the trial court erred in applying the diligent creditor rule to the facts of this case, and reverse the order below.
Reversed.