Dear Mr. Obos:
On behalf of the Sheriff of Bay County you ask substantially the following question:
How may the sheriff determine the priority of lienholders when distributing moneys received from the levy and sale of real property at a sheriff's sale?
The sheriff is concerned about his liability for improperly disbursing moneys received from the levy and sale of real property, in light of section 30.17(4), Florida Statutes, directing sheriffs to cease maintaining a docket of writs of execution delivered after October 1, 2001.
Under section 30.17, Florida Statutes, the sheriffs of this state previously were obliged to keep an execution docket, containing a list of all executions, orders and decrees directed to the sheriff. The docket would reflect the collection of moneys and a statement of all moneys credited on such orders, executions and decrees, and when, to whom and by whom paid.[1] Priority of a judgment creditor's lien against property was established at the time the writ of execution was delivered to the sheriff.[2] The date and time an execution was placed on the docket would determine its priority. Effective October 1, 2003, however, the sheriff's duties to keep a docket under section 30.17, Florida Statutes, ceased.[3] This change was due to the creation of a statewide centralized database of judgment liens on personal property.[4] The legislation effecting this change does not otherwise appear to alter the sheriff's duties in executing a levy or to change the priority of persons entitled to receive proceeds from the sale of real property due to the absence of such a docket.
Section 55.10(1), Florida Statutes, provides:
"A judgment, order, or decree becomes a lien on real property in any county when a certified copy of it is recorded in the official records or judgment lien record of the county, whichever is maintained at the time of recordation, provided that the judgment, order, or decree contains the address of the person who has a lien as a result of such judgment, order, or decree or a separate affidavit is recorded simultaneously with the judgment, order, or decree stating the address of the person who has a lien as a result of such judgment, order, or decree. A judgment, order, or decree does not become a lien on real property unless the address of the person who has a lien as a result of such judgment, order, or decree is contained in the judgment, order, or decree or an affidavit with such address is simultaneously recorded with the judgment, order, or decree. If the certified copy was first recorded in a county in accordance with this subsection between July 1, 1987, and June 30, 1994, then the judgment, order, or decree shall be a lien in that county for an initial period of 7 years from the date of the recording. If the certified copy is first recorded in accordance with this subsection on or after July 1, 1994, then the judgment, order, or decree shall be a lien in that county for an initial period of 10 years from the date of the recording."[5]
Thus, a lien attaches to the real property when the judgment is recorded in the county in which the property is located, if the address of the person who has the lien is contained in the judgment or is simultaneously recorded in a separate affidavit. The establishment of the priority of such a lien, however, is not addressed in the statute.
Section 56.061, Florida Statutes, specifies that "[l]ands and tenements, goods and chattels, equities of redemption in real and personal property, and stock in corporations, shall be subject to levy and sale under execution." All sales, both for real and personal property, must be noticed as prescribed in section 56.21, Florida Statutes. The sale must take place at the time, date and place advertised in the notice of the sheriff's sale.[6] Payment of money collected from an execution is directed by section 56.27, Florida Statutes, as follows:
"(1) All money received under executions shall be paid, in the order prescribed, to the following: the sheriff, for costs; the levying creditor in the amount of $500 as liquidated expenses; and the priority lienholder under s. 55.202, s. 55.204(3), or s. 55.208(2), as set forth in an affidavit required by subsection (4), or his or her attorney, in satisfaction of the judgment lien, provided that the judgment lien has not lapsed at the time of the levy. The receipt of the attorney shall be a release of the officer paying the money to him or her. . . . "
When the statutory duties of the sheriff to maintain an execution docket were removed from Florida law, sections 55.201—209, Florida Statutes, were created to establish a statutory framework for a statewide centralized filing database of judgment liens on personal property subject to levy. The priority of such liens filed with the Department of State is determined by the order in which they are filed by date and time.[7] As noted above, however, no provisions in sections 55.201—209, address the priority of judgment liens against real property.
Florida courts have long recognized that where there is more than one judgment lien on real property, priorities between the liens are established by section 695.11, Florida Statutes.[8] Section 695.11, provides:
"All instruments which are authorized or required to be recorded in the office of the clerk of the circuit court of any county in the State of Florida, and which are to be recorded in the _Official Records_ as provided for under s. 28.222, and which are filed for recording on or after the effective date of this act, shall be deemed to have been officially accepted by the said officer, and officially recorded, at the time she or he affixed thereon the consecutive official register numbers required under s. 28.222, and at such time shall be notice to all persons. The sequence ofsuch official numbers shall determine the priority of recordation. An instrument bearing the lower number in the then-current series of numbers shall have priority over any instrument bearing a higher number in the same series." (e.s.)
Thus, the priority of judgment liens against real property is recognized in section 695.11, Florida Statutes. As a practical matter, however, the sheriff must be able to determine who is entitled to receive the proceeds from the sheriff's sale. While a search of the official records in the county in which the real property is located may divulge any judgment liens that have been recorded, there is nothing in Florida law directing the sheriff to conduct such a search in order to establish the priority of liens.
As recognized by Florida courts, the sheriff has a ministerial duty to levy on property described in writs of execution.[9] A sheriff, although a constitutional officer, is also a county administrative officer whose powers and duties are prescribed by statute like other county administrative officers, and he possesses only such authority as has been expressly granted by statute or is necessarily implied in order to carry out some function expressly imposed or authorized by statute.[10] It has come to the attention of this office that several sheriffs are requiring judgment creditors who present a writ of execution for a judgment lien on real property to provide an affidavit reflecting a search of the official records and any resulting recorded judgments against the subject property. This affords the sheriff a basis for distributing the proceeds from any resulting sale to the appropriate lienholder as required by law. It would appear that such action by the sheriff would fall within those powers necessarily implied to carry out the statutorily prescribed duty to pay proceeds to a "priority lienholder."
Due to the lack of a clear direction as to how the sheriff is to establish the priority of liens when distributing the proceeds from the sale of real property subject to a judgment lien, it would be advisable to seek legislative clarification in this matter. Until such time, however, it would appear that the sheriff may require a judgment creditor who has presented a writ of execution on a judgment lien against real property to provide proof of a search of the official records in the county where the property is located to ensure priority of lienholders when distributing proceeds from the sale.
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] Section 30.17(1), Fla. Stat.
[2] See Jacksonville Bulls Football v. Blatt, 535 So.2d 626, 630 (Fla. 3rd DCA, 1988) (recording of judgment does not automatically create a lien on personal property of a debtor; judgment creditor's lien attaches to personal property, and priority is established, at the time writ of execution is delivered to the sheriff in the county where the personal property is located).
[3] Section 30.17(4), Fla. Stat.
[4] House of Representatives as Revised by the Committee on Transportation Economic Development Appropriations Analysis, CS/HB 1725, April 19, 2000, discussing the collection of debt based on a money judgment or court order.
[5] See also s. 55.503(1), Fla. Stat., giving certified foreign judgments that are recorded in a Florida county the same effect and subjecting them to the same rules of civil procedure, legal and equitable defenses, and proceedings for, among other things, enforcement and satisfaction, as a judgment of a circuit or county court of this state; s. 55.505, Fla. Stat., requiring a judgment creditor, at the time of recording a foreign judgment, to make and record an affidavit setting forth the name, social security number, if known, and last known address of the judgment debtor and of the judgment creditor; s. 55.507, Fla. Stat., stating that "[a] foreign judgment does not operate as a lien until 30 days after the mailing of notice by the clerk."
[6] Section 56.22, Fla. Stat.
[7] See s. 55.202(2)(c), Fla. Stat.
[8] See Anderson and Gulf State Bank v. North Florida Production CreditAssociation, 642 So.2d 88 (Fla. 1st DCA 1994), Lamchick, Glucksman Johnston, P.A., v. City National Bank of Florida, 659 So.2d 1118, 1119
(Fla. 3rd DCA 1995) and Martinez v. Reyes, 405 So.2d 468, 469 (Fla. 3rd DCA 1981).
[9] See Grant v. Credithrift of America, Inc., 402 So.2d 486, 488 (Fla. 1st DCA 1981); and see s. 30.30(1), Fla. Stat., stating that "[w]henever any writ, issuing out of any court of this state, shall be delivered to a sheriff, commanding the sheriff to levy upon property specifically described therein, it shall be his or her duty to levy upon such property."
[10] See Ops. Att'y Gen. Fla. 78-151 (1978), 76-171 (1976), and 75-161 (1975). See also s. 5(c), Art. II, Fla. Const., which provides that "[t]he powers, duties, compensation and method of payment of state and county officers shall be fixed by law" and s. 1(d), Art. VIII, Fla. Const. Cf.White v. Crandon, 156 So. 303 (Fla. 1934); Harvey V. Board of PublicInstruction for the county of Sarasota, 133 So. 868 (Fla. 1931); Lang v.Walker, 35 So. 78 (Fla. 1903); and Buck v. McLean, 115 So.2d 764 (Fla. 1st DCA 1959).