941 So.2d 1230 (2006)
Richard RICE, Appellant,
v.
William Bedford GREENE, Sr., Appellee.
No. 5D06-773.
District Court of Appeal of Florida, Fifth District.
November 17, 2006.
C. Samuel Whitehead, Lexington, KY, for Appellant.
Bryce W. Ackerman, of Gray, Ackerman & Haines, P.A., Ocala, for Appellee.
ORFINGER, J.
Richard Rice and William Bedford Greene, Sr. each thought they had purchased a parcel of real property in Marion County, Florida, from Virginia Schwartz. Their beliefs were not unwarranted since they separately entered into contracts to purchase the property from Mrs. Schwartz, and, after paying the purchase price, received a warranty deed from her. What they did not know, because neither of them conducted a proper title search, was that Mrs. Schwartz had conveyed the same property to both of them. Not surprisingly, litigation ensued. The trial court determined that Mr. Greene's claim to the property was superior to Mr. Rice's. Mr. Rice now appeals. For the reasons explained hereafter, we affirm.
Michael Schwartz took title to Lot 14, Block 26 of Lakeview Manor in Marion County ("the property") in November 1981. Mr. Schwartz owned the property until his death in July 1994. In his last will and testament, Mr. Schwartz devised all of his property to his wife, Virginia Schwartz, to whom he had been continuously married since 1947. Mr. Schwartz's will never went to probate, either in his home state of North Carolina or in Florida.
On June 25, 2004, Mrs. Schwartz, "on behalf of her deceased husband," entered into a contract to sell the property to Mr. Rice. On August 4, 2004, Mrs. Schwartz executed and delivered a warranty deed to Mr. Rice, purporting to convey the property to him in accordance with their agreement. For reasons not clear from the *1231 record, Mr. Rice failed to promptly record the deed. Nearly two months later, Mrs. Schwartz entered into another contract to sell the property to Mr. Greene. On October 28, 2004, Mr. Greene paid the purchase price and received a warranty deed to the property from Mrs. Schwartz. Mr. Greene recorded his deed on November 8, 2004. Mr. Rice recorded his deed a few weeks later.
Upon learning of the situation, Mr. Rice filed suit against Mr. Greene and Mrs. Schwartz, seeking declaratory relief against Mr. Greene concerning his right to the property, and claiming that Mrs. Schwartz had breached her contract with him.[1] The trial court concluded on summary judgment that Mr. Greene's right to the property was superior to Mr. Rice's and entered judgment accordingly.
We review a final order granting summary judgment de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). A court may grant summary judgment only when "there is no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law." Id. (citing Menendez v. Palms W. Condo. Ass'n, 736 So.2d 58 (Fla. 1st DCA 1999)).
Mr. Rice argues that the trial court erred in granting summary judgment in favor of Mr. Greene because Mrs. Schwartz did not have the title of the property at the time she conveyed it to Mr. Greene. He contends that, at best, she had a mere expectancy. As a result, he posits that Florida's recording act does not apply. Thus, according to Mr. Rice, under common law, Mr. Rice's agreement with Mrs. Schwartz has priority.
In support of his argument, Mr. Rice points to section 733.103(1), Florida Statutes (2004). Section 733.103(1) provides that "[u]ntil admitted to probate in this state or in the state where the decedent was domiciled, the will shall be ineffective to prove title to, or the right to possession of, property of the testator." While true, Mr. Rice's argument fails to consider section 732.514, Florida Statutes (2004), which provides, "[t]he death of the testator is the event that vests the right to devises unless the testator in the will has provided that some other event must happen before the devise vests." Mr. Rice is correct that under section 733.103, Mr. Schwartz's unprobated will was ineffective to "prove title" to the property, under section 732.514. But, it was Mr. Schwartz's death that vested Mrs. Schwartz's rights in the property. Reading these statutes in concert, it is clear that because Mrs. Schwartz never offered Mr. Schwartz's will for probate, she lacked marketable title to the property. However, she clearly acquired equitable title to the property upon her husband's death, assuming, as have the parties, that Mr. Schwartz's will, which was presented to the court below, is authentic. Admittedly, because Mrs. Schwartz's title was not marketable, under certain circumstances, it might have been subject to divestment for the payment of claims, expenses of administration or taxes. Regardless, those are matters that affect the quality of the title, which is not at issue here. Instead, the " only issue is which party has a priority claim to the property as between Mr. Rice and Mr. Greene.[2]
*1232 Florida's recording statute provides:
No conveyance, transfer, or mortgage of real property, or of any interest therein, nor any lease for a term of 1 year or longer, shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law; nor shall any such instrument made or executed by virtue of any power of attorney be good or effectual in law or in equity against creditors or subsequent purchasers for a valuable consideration and without notice unless the power of attorney be recorded before the accruing of the right of such creditor or subsequent purchaser.
§ 695.01(1), Fla. Stat. (2004). In other words, "an unrecorded deed is not good or effectual in law or equity against creditors or subsequent purchasers for valuable consideration who are without notice of the transaction." Fryer v. Morgan, 714 So.2d 542, 545 (Fla. 3d DCA 1998). Therefore, because Mr. Greene had no notice of the earlier warranty deed between Mr. Rice and Mrs. Schwartz and paid valuable consideration for the property, Mr. Greene's recording of his warranty deed before Mr. Rice gives Mr. Greene priority to the property. Since there is no genuine issue of material fact and Mr. Greene is entitled to judgment under section 695.01(1), the trial court did not err in granting Mr. Greene's motion for summary judgment.
We do note that the language of the final judgment is overly broad, in that it purports to quiet title to the property in Mr. Greene. While the final judgment adjudicated the dispute between Mr. Rice and Mr. Greene, the language in the judgment that "title to the property is forever quieted in William Bedford Greene, Sr." might mislead third parties. As Mr. Greene's counsel readily concedes, much more work is necessary before Mr. Greene will have marketable title to the property. This litigation only adjudicated the competing interests of Mr. Greene and Mr. Rice.
AFFIRMED.
PLEUS, C.J. and GRIFFIN, J., concur.
NOTES
[1] The summary judgment in this case only concerned the issue of priority as between Mr. Rice and Mr. Greene. Mr. Rice's breach of contract claim against Mrs. Schwartz was not affected by this judgment.
[2] At this point, creditors' claims are likely barred by section 733.710, Florida Statutes (2004), a two-year jurisdictional statute of non-claim that automatically bars claims that are not asserted within two years following the date of death. See May v. Ill. Nat'l Ins. Co., 771 So.2d 1143, 1157 (Fla.2000).