983 So.2d 1232 (2008)
DGG DEVELOPMENT CORPORATION, Appellant,
v.
ESTATE OF Italo Dante CAPPONI, et al., Appellee.
No. 5D07-2676.
District Court of Appeal of Florida, Fifth District.
June 20, 2008.
*1233 Robert R. Seymour, of Savage Krim Law Firm, Ocala, and J. Warren Bullard, of J. Warren Bullard, P.A., Ocala, for Appellant.
Raymond A. Biernacki, Jr., of Biernacki & Biernacki, Orange City, for Appellee.
ORFINGER, J.
The issue that we must resolve in this appeal is whether a deed, executed by the secretary/treasurer of a corporation in the presence of two witnesses, but without the corporate seal or an authorizing resolution from the board of directors, is effective to convey title to real property to a good faith purchaser for value. We hold that such a deed does not convey title to corporate property and reverse the final judgment quieting title.
In 1991, DGG Development Corporation, a Florida corporation, acquired two parcels of real property in Marion County, Florida. Shortly thereafter, DGG was administratively dissolved by the Florida Secretary of State for failing to file its annual report. Ten years later, Italo Capponi, one of DGG's directors and its secretary and treasurer, executed a deed in DGG's name as its "officer/administrator," purporting to convey one of the parcels of DGG's real property to himself and his wife. The corporate seal was not affixed to the deed, but it was executed in the presence of two witnesses and a notary public. In March 2004, DGG's two other shareholders/officers/directors learned of Mr. Capponi's 2001 conveyance of corporate property, and instructed the corporation's attorney to reinstate the corporation. Reinstatement was accomplished in September 2004. Approximately three weeks later, Mr. and Mrs. Capponi conveyed the property to Susan T. Aicher and Lisa L. Coker (collectively, "the Grantees") for $150,000.
In July 2005, DGG filed a quiet title action against Mr. Capponi's estate,[1] Mrs. Capponi and the Grantees. In its complaint, DGG maintained that the deed purporting to convey title from DGG to the Capponis was invalid. Consequently, DGG argued that the Capponis' deed to the Grantees was also invalid. The Grantees answered, asserting that the deed in question was valid, and if not valid, that they were bona fide purchasers entitled to take title free of any claims by DGG. The Grantees counterclaimed, seeking to quiet title in themselves.
Under Florida law, corporations may convey real property in accordance with the requirements of either section 689.01, Florida Statutes (2004),[2] section 692.01, Florida Statutes (2004), or section 692.02, Florida Statutes (2004).[3] Section 689.01 requires any conveyance of real property *1234 to be signed in the presence of two subscribing witnesses by a person or persons authorized to sign on behalf of the corporation, but does not require a seal. Section 692.01 provides that a corporation may convey any interest in real property by a document sealed with the common or corporate seal, and signed in its name by its president, vice-president, or chief executive officer. A document executed in this manner need not be witnessed. See Real Property Complex Transactions § 9.7 (Fla. Bar CLE 4th ed. 2006).
If a deed is executed by the corporation's president, vice-president or chief executive officer in compliance with section 692.01, no corporate resolution from the board of directors is required to evidence the authority of the person executing the document. Such authority is granted by statute. If the person executing the deed does not hold one of these offices, an authorizing resolution must be obtained and should be recorded. Similarly, if a deed is executed in compliance with section 689.01 but is signed by someone other than the president, vice-president or chief executive officer, an authorizing resolution from the board of directors must be obtained. See id. (citing Attorneys' Title Ins. Fund, Title Note 11.05.03 (2004)); see also Real Property Sales Transactions, § 6.43 (Fla. Bar CLE 4th ed. 2004); Standards 4.3-4.3-1, Uniform Title Standards (Real Property Probate and Trust Law Section of The Fla. Bar). Because the deed purporting to convey the subject property from DGG to the Capponis was executed by Mr. Capponi as DGG's "officer/administrator," it was ineffective on its face to convey title, as it was not executed in compliance with either of the conveyancing statutes.
While conceding that the deed from DGG to the Capponis did not comply with section 692.01, the Grantees argue that section 607.1405, Florida Statutes (2001), validates the deed that Mr. Capponi executed to himself and his wife, as the corporation was dissolved at the time. We disagree. Section 607.1405 provides that a corporation continues its corporate existence after dissolution and has the power to transfer title to its property and do other acts necessary to wind up and liquidate the business. We construe the statute to mean that a conveyance of a dissolved corporation's real property may be made in the same manner as required before dissolution in order to convey title. We do not accept the Grantees' contention that section 607.1405 validates a conveyance not otherwise in compliance with one of the conveyancing statutes or expands the category of persons expressly authorized by statute to execute a deed on behalf of a corporation.
Finally, we turn to the Grantees' contention that if the deed from the corporation to the Capponis was invalid, they are entitled to protection as bona fide purchasers for value without notice of any title defect. To be a bona fide purchaser, three conditions must be satisfied. The purchaser must have (1) acquired the legal title to the property in question, (2) paid value therefore, and (3) been innocent of knowledge of the equity against the property at the time when consideration was paid and title acquired. Demosthenes v. Girard, 955 So.2d 1189, 1192 (Fla. 3d DCA 2007). A purchaser is not entitled to protection as a bona fide purchaser when he or she takes property with notice of an outstanding interest in the property. Successors in title take title subject to those interests of which they have notice. Kroitzsch v. Steele, 768 So.2d 514, 517 (Fla. 2d DCA 2000). Forms of notice include possession, actual notice and constructive notice of publically-recorded matters. Cain & Bultman, Inc. v. Miss Sam, Inc., 409 So.2d 114, 117 (Fla. 5th DCA 1982).
*1235 The defects in the deed from DGG to the Capponis were of record and appeared in the chain of title. That was enough to place a prospective purchaser on notice of its faulty execution. 44 Fla. Jur.2d Records & Recording Acts § 150 (2008). Recording the deed was constructive notice to subsequent purchasers, not only of its own existence and contents, but also of any other fact concerning the instrument that would have been ascertained from the record if it had been examined and if inquiries suggested by it had been prosecuted. 38 Fla. Jur.2d Notice and Notices § 21 (2008).
Because the Grantees had at least constructive notice of the defective deed, they are not entitled to the protections afforded bona fide purchasers. In reaching this conclusion, we do not suggest that the Grantees acted in bad faith. To the contrary, the Grantees obtained a title insurance commitment and policy, both of which failed to disclose the title defect.[4] Notwithstanding the Grantees' good faith, the Grantees' subsequent purchase of the property did not entitle them to protection as bona fide purchasers. Houston v. Adams, 85 Fla. 291, 95 So. 859 (1923).
For these reasons, we reverse the judgment quieting title in favor of the Grantees and remand this matter with directions that the trial court enter a judgment quieting title in favor of DGG.
REVERSED AND REMANDED.
MONACO and TORPY, JJ., concur.
NOTES
[1] Mr. Capponi died in April 2005.
[2] We refer to the 2004 version of the relevant statutes as that is when the Capponis attempted to convey the property to the Grantees. However, all of the statutes were identical at all times relevant to this dispute.
[3] We do not discuss the applicability of section 692.02, Florida Statutes (2004), as it has no relevance to the facts of the case before us.
[4] An earlier effort by the Capponis to sell the property to another person failed to close because the title insurance company utilized by that purchaser understood the title problems and refused to insure the title without corrective instruments, which the Capponis could not obtain.