GRIFFIN, J.
Argent Mortgage Company, LLC [“Argent”] appeals the trial court’s entry of judgment in favor of Wachovia Bank National Association, as Trustee Under Pooling and Servicing Agreement Dated as of November 1, 2004, Asset Backed Pass-Through Certificates Series 2004-WWF1 [“Wachovia”]. Argent argues that the tri *798 al court erred by finding that the mortgage now owned by Wachovia has priority over Argent’s mortgage. We reverse.
On August 31, 2004, Gene M. Burkes and Ann Burkes [“the Burkes”] as borrower/mortgagor and Olympus Mortgage Company as lender/mortgagee executed a mortgage [“the Olympus Mortgage”] on real property as security for a $90,000.00 loan. The Olympus Mortgage was recorded on January 5, 2005. Subsequently, the Olympus Mortgage was assigned to Wa-chovia. As a result of default, Wachovia filed a complaint to foreclose the Olympus Mortgage and to enforce lost loan documents. Wachovia joined Argent as a defendant, alleging that Argent might claim some interest in or lien upon the subject property by virtue of a recorded mortgage.
On December 10, 2004, the Burkes as borrower/mortgagor and Argent as lender/mortgagee executed a mortgage [“the Argent Mortgage”] as security for a $65,000.00 loan on the same real property that is the subject of the Olympus Mortgage. The Argent Mortgage was recorded on January 31, 2005. Subsequently, Wells Fargo Bank became the owner of the Argent Mortgage. An action to foreclose the Argent Mortgage was initiated as a result of default.[1]
Argent filed a motion for summary judgment in its favor, requesting that the trial court determine that the Argent Mortgage has priority over the Olympus Mortgage. Likewise, Wachovia filed a motion for summary judgment in its favor, requesting that the trial court determine that the Olympus Mortgage has priority over the Argent Mortgage. After conducting a hearing, the trial court entered an order on the competing motions for summary judgment as to priority. In the order, the trial court made findings on facts not in dispute, including the dates of execution and recordation of the two mortgages and Argent’s lack of actual or constructive notice of the Olympus Mortgage at the time of execution of the Argent Mortgage. Ultimately, the trial court deemed “the Florida statutes on recordation,” namely sections 695.01 and 695.11, Florida Statutes, “to be of the race-notice variety,” found that the Olympus Mortgage should have priority over the Argent Mortgage, and entered a partial final judgment in favor of Wachovia.
On appeal, Argent argues that the trial court erred by finding in favor of Wacho-via on the issue of mortgage priority because the trial court erred in concluding that sections 695.01 and 695.11, Florida Statutes when read together, create a “race-notice” scheme. Argent asserts that section 695.01, Florida Statutes, alone determines which mortgage has priority, that section 695.01 is, and, for over a century, has been recognized to be a “notice” statute, not a “race-notice” statute and that, under section 695.01, the Argent Mortgage has priority over the Olympus Mortgage.
Wachovia acknowledges that section 695.01, Florida Statutes, is a “notice” type of recording statute. However, Wachovia contends that amendments made to section 695.11, Florida Statutes, have converted Florida into a “race-notice” state.
As an initial matter, it bears explaining that recording statutes are classified into three categories: race, notice, and race-notice. See Grant S. Nelson, William B. Stoebuck, and Dale A. Whitman, Contemporary Property 1004 (West Group 2d ed. 2002). These can generally be described as follows:
• Under a race recording statute, a subsequent mortgagee of real property will prevail against a prior mortgagee of *799 the said real property if the subsequent mortgage is recorded before the prior mortgage.
• Under a notice recording statute, a subsequent mortgagee of real property for value and without notice (actual and constructive) of a prior mortgage of the said real property will prevail against the prior mortgagee.
• Under a race-notice recording statute, a subsequent mortgagee of real property for value and without notice (actual and constructive) of a prior mortgage of the said real property will prevail against the prior mortgagee if the subsequent mortgage is recorded before the pri- or mortgage.
Importantly, under either a notice or a race-notice recording statute, the subsequent mortgagee cannot be without constructive notice if the prior mortgage has been recorded as of the time of execution of the subsequent mortgage. See id. at 1004-07.
Application of each type of recording statute to the undisputed facts here yields the following results:
• Wachovia prevails under a race recording statute because the Olympus Mortgage was recorded before the Argent Mortgage;
• Argent prevails under a notice recording statute because it is a subsequent mortgagee for value and did not have notice of the Olympus Mortgage at the time of execution of the Argent Mortgage; and
• Wachovia prevails under a race-notice recording statute because, although Argent is a subsequent mortgagee for value and did not have notice of the Olympus Mortgage at the time of execution of the Argent Mortgage, the Olympus Mortgage was recorded before the Argent Mortgage.
Commentators appear uniformly to categorize section 695.01 as a “notice” type of recording statute. See 2-26 Ralph E. Boyer, Florida Real Estate Transactions § 26.02 (Matthew Bender & Co., Inc. 2010) (“Florida has a notice type recording statute [see § 695.01, Fla. Stat.] the primary function of which is to protect subsequent purchasers (which for purposes of this discussion includes mortgagees and creditors who are within the statute’s protection) against claims arising from prior unrecorded instruments .... ” (citations omitted)).
Florida courts over time have described and applied Florida’s recording statute in a manner that is consistent with a “notice” type of recording statute. See Lesnoff v. Becker, 101 Fla. 716, 135 So. 146, 147 (1931) (“ ‘Under our recording statutes, subsequent purchasers, acquiring title without notice of a prior unrecorded deed, mortgage, or transfer of real property, or any interest therein, will be protected against such unrecorded instrument, unless the party claiming thereunder can show that such subsequent purchaser acquired the title with actual notice of such unrecorded conveyance or mortgage; and the burden of showing such notice is upon the party claiming under such unrecorded instrument, the presumption in such case being that such subsequent purchaser acquired his title in good faith and without notice of the prior unrecorded conveyance.’ ” (quoting Rambo v. Dickenson, 92 Fla. 758, 110 So. 352, 353 (1926))); Morris v. Osteen, 948 So.2d 821, 826 (Fla. 5th DCA 2007) (“Generally, competing interests in land have priority in the order in which they are created;” “[t]he important caveat to this rule is that those acquiring rights later will have priority if they took without ‘notice of the first created rights.’ ” (citation omitted)); F.J. Holmes Equip., Inc. v. Babcock Bldg. Supply, Inc., 553 So.2d 748, 750 (Fla. 5th DCA 1989) (“The first rule is that competing interests in land have priority in order of their creation in point of time;” “[t]his rule is sub *800 ject to the important exception created by the recording statute that notice of the first created rights must be available to those later acquiring rights in the same land;” and “[t]his normally means that unrecorded rights, titles or lien interests, such as the equitable rights of the beneficiaries of resulting trusts, constructive trusts and equitable liens, are generally held to be inferior to rights subsequently acquired without actual notice of the earlier created but unrecorded rights” (footnotes omitted)). Florida’s approach to the problem was succinctly described by the Florida Supreme Court in Van Eepoel Real Estate Co. v. Sarasota Milk Co., 100 Fla. 438, 129 So. 892, 895 (1930):
[I]t is generally held, in states having recording statutes similar to ours, that if A conveys lands to B, a bona fide purchaser for value, who does not go into possession and who failed to record his deed until after A conveys the same land to C, a second bona fide purchaser for value without notice of B’s interest, and B then records his deed before C records his, the title of C shall nevertheless prevail as between C and B, because it is the fault of B that he did not immediately record his deed, thereby permitting C to deal with the property and part with his consideration without knowledge of B’s interest. So B is es-topped and the equities are with C.
Section 695.01, notwithstanding, the trial court accepted Wachovia’s argument that a 1967 amendment to a different statute, section 695.11, Florida Statutes, entitled, “Instruments deemed to be recorded from time of filing” converted Florida from a “notice” to a “race-notice” jurisdiction. The earliest version of section 695.11 dates back to 1885. Examination of the language of the 1906, 1920, and 1935 iterations of section 695.11, make clear that this statute was intended to provide a mechanism for determining the time at which an instrument was deemed to be recorded. Nothing in the case law suggests that section 695.11 modifies section 695.01.[2]
As a result of the 1967 amendment, section 695.11 now includes the following language: “The sequence of such official numbers shall determine the priority of recordation. An instrument bearing the lower number in the then-current series of numbers shall have priority over any instrument bearing a higher number in the same series.” (Emphasis added). Wachovia contends that the inclusion of this language converted Florida from a “notice” state to a “race notice” state. We disagree. The amendment to section 695.11 is designed to refine the test for determining the time at which an instrument is deemed to be recorded, not to alter the recording requirement found in section 695.01.[3]
Section 695.11 also applies to indexing errors. To the extent that an instrument bears an official register number but *801 has been indexed incorrectly, it is nevertheless deemed to be recorded. See Anderson v. N. Fla. Prod. Credit Ass’n, 642 So.2d 88, 89 (Fla. 1st DCA 1994) (“[A]n instrument is deemed to be ‘officially recorded’ when the instrument is accepted by the court clerk and is given ‘official register numbers.’ ... While indexing is required, priority is not contingent upon such, and the cases cited to us by appellants do not alter the plain language of th[e] statute which provides that ‘[t]he sequence of such official numbers shall determine the priority of recordation.’ ”); see also Orix Fin. Servs., Inc. v. MacLeod, 977 So.2d 658, 658 (Fla. 1st DCA 2008).
Wachovia relies on an earlier opinion of this Court, Rice v. Greene, 941 So.2d 1230 (Fla. 5th DCA 2006), in support of its contention that Florida has a race-notice type of recording statute. In Rice, this Court quoted section 695.01 and found:
In other words, “an unrecorded deed is not good or effectual in law or equity against creditors or subsequent purchasers for valuable consideration who are without notice of the transaction.” Fryer v. Morgan, 714 So.2d 542, 545 (Fla. 3d DCA 1998). Therefore, because Mr. Greene had no notice of the earlier warranty deed between Mr. Rice and Mrs. Schwartz and paid valuable consideration for the property, Mr. Greene’s recording of his warranty deed before Mr. Rice gives Mr. Greene priority to the property.
Id. at 1282 (emphasis added). According to Wachovia, this language proves that priority in recording is key. Notably, however, Rice does not mention section 695.11 and recording was not an issue. The subsequent purchaser in Rice (Mr. Greene) had priority to the property under a notice type of recording statute because he paid value for the property and did not have notice (actual or constructive) of the earlier warranty deed at the time of the conveyance. The fact that Mr. Greene’s deed was recorded before Mr. Rice’s does not affect the outcome under a notice type of recording statute. Although a portion of the sentence in Rice, on which Wachovia relies, mentions recording, in that case, it was superfluous.
We conclude that Florida is, and remains, a “notice” jurisdiction, and notice controls the issue of priority. Since Argent is a subsequent mortgagee for value and did not have notice of the Olympus Mortgage at the time of execution of the Argent Mortgage, the Argent Mortgage has priority over the Olympus Mortgage. As such, the trial court erred by entering partial summary final judgment in favor of Wachovia on the issue of priority.
REVERSED and REMANDED.
PALMER, J., and PERRY, B., JR., Associate Judge, concur.

. The trial court entered an order consolidating the two foreclosure actions.

. Contrary to Wachovia’s contention, when read together, sections 695.01 and 695.11 do not appear to be similar to the wording of New Jersey’s race-notice recording statute on which the trial court relied in its decision.

. Case law confirms that the purpose of section 695.11 is to determine the time at which an instrument is deemed to be recorded and to serve as notice. See Broward County v. Recupero, 949 So.2d 274, 276 (Fla. 4th DCA 2007) ("Florida Statutes section 695.11 provides that instruments are deemed to be recorded from the time of filing.”); Winn-Dixie Stores, Inc. v. Dolgencorp, Inc., 964 So.2d 261, 266-67 (Fla. 4th DCA 2007) ("Section 695.11, Florida Statutes (2006) states that an instrument, like a lease, which is ‘authorized or required to be recorded’ by the clerk 'shall be notice to all persons' once it is ‘officially recorded’ pursuant to the statute.”); In re Forfeiture of $91,357.12, 595 So.2d 998, 999 (Fla. 4th DCA 1992) ("Section 695.11, Florida Statutes, specifically provides that the effective time of recording is the point at which the document is officially accepted and offi- *801 dally recorded.” (emphasis in original)); Paterson v. Brafman, 530 So.2d 499, 500 (Fla. 3d DCA 1988) (“Our reversal is founded upon the basic, irrefutable principle that those who subsequently deal with real property are placed on constructive notice of the relevant contents of a properly recorded instrument ....” (citing section 695.11, Florida Statutes)). Section 695.11 has an important purpose to determine the priority between judgment liens. See Lamchick, Glucksman & Johnston, P.A. v. City Nat’l Bank of Fla., 659 So.2d 1118, 1119 (Fla. 3d DCA 1995); Dollar Sav. & Trust Co. v. Soltesiz, 636 So.2d 63, 66 (Fla. 2d DCA 1994); Martinez v. Reyes, 405 So.2d 468, 469 (Fla. 3d DCA 1981). Because a certified copy of a judgment must be recorded in order to create a lien on real property, a judgment that is recorded earlier in time, namely one that bears a lower official register number, will win priority.