[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10802
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-20411-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL SUAREZ,

Defendant,

RODNEY FERNANDEZ,

Interested Party-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 30, 2018)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Rodney Fernandez appeals from the district court's order of criminal forfeiture that denied his 21 U.S.C. § 853(n) third-party claim to a home in Miami, Florida ("the Property").  He argues that the district court erred in granting summary judgment for the government because he presented evidence that he was a *bona fide* purchaser for value of the Property.

When considering a district court's forfeiture determination, we review the legal conclusions *de novo* and review factual findings for clear error. United States v. Ramunno, 599 F.3d 1269, 1273 (11th Cir. 2010).  We review a district court's grant of summary judgment *de novo*.  Penley v. Eslinger, 605 F.3d 843, 848 (11th Cir. 2010).

A party to a § 853(n) ancillary forfeiture proceeding may move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Fed. R. Crim. P. 32.2(c)(1)(B).  Summary judgment is only appropriate when the record reflects no dispute of material fact and the moving party is entitled to judgment as a matter of law.  Penley, 605 F.3d at 848.  At the summary judgment stage, all evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party.  Id.  "Even if the district court believes that all the evidence presented by one side is of doubtful veracity, it is not proper to grant summary

2

judgment on the basis of such credibility choices." Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995). However, a "mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." Young v. City of Palm Bay, 358 F.3d 859, 860 (11th Cir. 2004).

Under 21 U.S.C. § 853(n), a third party asserting a legal interest in property that has been ordered forfeited may petition the court to adjudicate the validity of his alleged interest in the property. 21 U.S.C. § 853(n)(2). A third party may establish his interest in forfeited property by showing that he is (i) a *bona fide* purchaser for value, (ii) who "was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section." § 853(n)(6)(B); see also *United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir. 2003).

We have stated that "*bona fide* purchaser" is generally understood to mean "one who has purchased property for value without notice of any defects in the title of the seller." Id. at 1283 (internal quotes and alterations omitted); see also United States v. McCorkle, 321 F.3d 1292, 1295n.4 (11th Cir. 2003) (stating that, under the *bona fide* purchaser provision, "the only assets that are potentially immunized from forfeiture are those for which value has been given"). However, state law determines the nature of a claimant's interest in forfeited property. See United States v. Shefton, 548 F.3d 1360, 1364 (11th Cir. 2008) (applying state law to

determine the nature of a claimant's interest in forfeited property for

§ 853(n)(6)(A) purposes).  Under Florida law, to be a *bona fide* purchaser, the

purchaser must have "(1) acquired legal title to the property in question, (2) paid

value therefore, and (3) been innocent of knowledge of the equity against the

property at the time when consideration was paid and title acquired."  DGG Dev.

Corp. v. Estate of Capponi, 983 So.2d 1232, 1234 (Fla. Dist. Ct. App. 2008).

Under Florida law, recorded defects that appear in the chain of title are

sufficient to place a purchaser on notice of such defects.  Id. at 1235.  Where a

purchaser had at least constructive notice of a defect, he is not entitled under

Florida law to protections afforded to *bona fide* purchasers.  Id.  We have stated

that the "purpose of a *lis pendens* is to notify prospective purchasers . . . that any

interest acquired by them in the property in litigation is subject to the decree of the

court."  Beefy King Intern., Inc. v. Veigle, 464 F.2d 1102, 1104 (5th Cir. 1972).[1]

Here, although Fernandez is correct that he presented evidence that he

possessed the title to the Property and paid value for it, he did not establish that he

was a *bona fide* purchaser for value.  The record shows that he purchased the

Property after the government filed a *lis pendens* and after the court entered its first

preliminary order of forfeiture.  Thus, he had constructive notice of a defect in the

---

[1] See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (precedent of the Fifth Circuit prior to October 1981 is binding on this court.)

title, and could not qualify as a *bona fide* purchaser for value.  Accordingly, we affirm.

**AFFIRMED.**