DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**B.A. MORTGAGE, LLC,**
Appellant,

v.

**EDUARDO C. BAIGORRIA** and **SILVANA M. ELEJALDE,**
Appellees.

No. 4D19-3504

[July 15, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry J. Stone, Senior Judge; L.T. Case No. CACE-17-009240 (11).

Arnaldo Velez of Arnaldo Velez, P.A., Coral Gables, for appellant.

Bruce K. Herman of The Herman Law Group, P.A., Fort Lauderdale, for appellees.

KUNTZ, J.

B.A. Mortgage LLC appeals the circuit court's final judgment concluding B.A. Mortgage's mortgage on the Homeowners' property was an unenforceable, wild mortgage recorded outside the chain of title. We reverse.

## *Background*

Miguel Hernandez signed a mortgage on behalf of his company Chase Home Loans, LLC, borrowing $100,000.00 from B.A. Mortgage to acquire property. Two days later, Mr. Hernandez conveyed the property from Chase Home Loans to himself through a quitclaim deed. He recorded the deed and, seventeen minutes later, recorded the mortgage.

Mr. Hernandez took out a second mortgage on the property. When he defaulted on the second mortgage, the lender foreclosed and the property was auctioned at a foreclosure sale. At the foreclosure sale, the Homeowners' company, SEB Real Estate Investments, LLC, purchased the

property. Only five days later, SEB Real Estate deeded the property over to the Homeowners.

The Homeowners filed a complaint to quiet title and cancel the mortgage, arguing the mortgage never attached to the property as a result of the order in which the deed and the mortgage were recorded. The deed—conveying the property from Chase Home Loans to Mr. Hernandez—was recorded first. The mortgage, signed by Chase Home Loans, was recorded minutes later. Accordingly, the Homeowners maintained that Chase Home Loans relinquished ownership of the property before its mortgage could attach. In response, B.A. Mortgage counterclaimed for foreclosure. The case proceeded to a hearing on competing motions for summary judgment.

Ruling from the bench, the court agreed with the Homeowners. Relying, in part, on *Lesnoff v. Becker*, 135 So. 146 (Fla. 1931), the court found the Homeowners benefited from the presumption that they were not on notice of the mortgage. To overcome the presumption, B.A. Mortgage needed to prove actual notice. Because B.A. Mortgage failed to prove actual notice, the mortgage was an unenforceable, wild instrument falling outside the chain of title. The court questioned the impact of the seventeen-minute span between the recording of the deed and the recording of the mortgage. Nevertheless, it determined the Homeowners were entitled to quiet title and denied B.A. Mortgage's counterclaim for foreclosure.

### *Analysis*

B.A. Mortgage argues the Homeowners had constructive notice of the mortgage and, as a result, the mortgage was not wild. We agree.

Florida's recording statute is a "notice" statute. *Townsend v. C.T. Box*, 291 So. 3d 114, 116 (Fla. 4th DCA 2020) (citation omitted); *see also* § 695.01(1), Fla. Stat. (2015). As such, there are three types of notice relevant to determining the priority of interests under the recording statute: actual notice, implied notice, and constructive notice. *Townsend*, 291 So. 3d at 116 (quoting *Harkless v. Laubhan*, 278 So. 3d 728, 733 (Fla. 2d DCA 2019)). Generally,

> "[a]ctual notice" stems from actual knowledge of the fact in question. "Implied notice" is [the] factual inference of such knowledge, inferred from the availability of a means of acquiring such knowledge when the party charged therewith had the duty of inquiry. "Constructive notice" is the inference

2

> of such knowledge by operation of law, as under a recording statute.

*Regions Bank v. Deluca*, 97 So. 3d 879, 884 (Fla. 2d DCA 2012) (second alteration in original) (quoting *McCausland v. Davis*, 204 So. 2d 334, 335-36 (Fla. 2d DCA 1967)); *see also Townsend*, 291 So. 3d at 116.

"Under a *notice* recording statute, a subsequent mortgagee of real property for value and without notice (actual and constructive) of a prior mortgage of the said real property will prevail against the prior mortgagee." *Argent Mortg. Co., LLC v. Wachovia Bank N.A.*, 52 So. 3d 796, 799 (Fla. 5th DCA 2010). As such, without knowledge of the B.A. mortgage, the mortgage would not burden the Homeowners' property. However, here, both Mr. Hernandez and the Homeowners knew about the mortgage.

First, Mr. Hernandez had actual knowledge of the mortgage when he deeded the property to himself on behalf of his company, Chase Home Loans; after all, he signed the mortgage for Chase Home Loans. Second, the Homeowners had constructive knowledge of the mortgage recorded two years before their purchase at the foreclosure sale, conceding at the hearing that the mortgage would have been listed on a chain-of-title search.

The Homeowners disagree. Citing section 695.11, Florida Statutes (2015), the Homeowners insist they could rely solely on the sequence of the recorded documents. *See* § 695.11, Fla. Stat. ("The sequence of such official numbers shall determine the priority of recordation."). But a similar argument was made by the lender in *Argent Mortgage Co., LLC*, 52 So. 3d at 800, and rejected. In that case, the lender argued that section 695.11 rendered Florida a race-notice statute. *Id.* The Fifth District disagreed, finding: "The amendment to section 695.11 is designed to refine the test for determining the time at which an instrument is deemed to be recorded, not to alter the recording requirement found in section 695.01." *Id.* (footnote omitted). The court held that "Florida is, and remains, a 'notice' jurisdiction, and notice controls the issue of priority." *Id.* at 801.

We agree that Florida is a notice jurisdiction. Under the recording statute, "[t]he act of recording an instrument in accordance with [Florida's recording] statute constitutes constructive notice of a prior encumbrance on the property which is the subject of the instrument." *Whitburn, LLC v. Wells Fargo Bank, N.A.*, 190 So. 3d 1087, 1091 (Fla. 2d DCA 2015) (second alteration in original) (quoting *Regions Bank*, 97 So. 3d at 883).

The Homeowners acknowledge that, had they conducted a title search, they would have found the mortgage. But they did not conduct one. That the Homeowners did not inspect the public records does not permit them to ignore the documents in the public records. *See Lafitte v. Gigliotti Pipeline, Inc.,* 624 So. 2d 844, 845 (Fla. 2d DCA 1993); *see also M/I Schottenstein Homes, Inc. v. Azam,* 813 So. 2d 91, 95 (Fla. 2002) ("Knowledge of clearly revealed information from recorded documents contained in the records constituting a parcel's chain of title is properly imputed to a purchasing party, based upon the fact that an examination of these documents prior to a transfer of the real property is entirely expected." (citations omitted)).

Furthermore, the Homeowners had constructive notice of the mortgage and, consequently, were not bona fide purchasers for value. A party is a bona fide purchaser for value when "(1) the purchaser obtained legal title to the challenged property, (2) the purchaser paid the value of the challenged property, and (3) the purchaser had no knowledge of the claimed interest against the challenged property at the time of the transaction." *Harkless,* 278 So. 3d at 733 (citing *DGG Dev. Corp. v. Estate of Capponi,* 983 So. 2d 1232, 1234 (Fla. 5th DCA 2008)). A person with notice of a prior interest takes the property subject to that interest. *Id.* (citation omitted).

In support of its ruling that the mortgage was "wild," the circuit court relied on *Lesnoff,* 135 So. at 146, and *Sirkin v. Schupler,* 105 So. 151 (Fla. 1925). Both cases are distinguishable. *Lesnoff* involved a second mortgage recorded *after* the next purchaser bought the property subject to the first mortgage. 135 So. at 146. In *Sirkin,* although the purchaser performed a title search—one that did not reveal the mortgage—the circuit court found the purchaser had actual knowledge of the mortgage, and the record on appeal did not support a reversal of that finding. 105 So. at 152. In this case, the mortgage was recorded two years before the Homeowners bought the property. Had the Homeowners performed a title search, they would have found it. Therefore, the mortgage was not wild.

### *Conclusion*

The circuit court's final judgment is reversed, and the case is remanded for further proceedings.

*Reversed and remanded.*[1]

---

[1] We are mindful of the issuance of Executive Order 20-159 (extending, until 12:01 a.m. on August 1, 2020, Executive Order 20-94, which suspends and tolls

GROSS, J., and CURLEY, G. JOSEPH, Associate Judge, concur.

*    *    *

***Not final until disposition of timely filed motion for rehearing.***

---

any statute providing for a mortgage foreclosure cause of action under Florida law).  We trust any motions directed to this order shall be filed in the lower tribunal upon issuance of our mandate.